# IN THE COURT OF APPEALS OF IOWA

No. 15-0807
Filed August 17, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MIKEAL IVAN GRIM,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Decatur County, Sherman W. Phipps, Judge.

Mikeal Grim appeals his convictions for burglary and assault causing bodily injury.  **AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Mikeal Grim appeals his convictions for burglary in the third degree and assault causing bodily injury, claiming his trial counsel provided ineffective assistance for allowing him to plead guilty in the absence of a factual basis and in failing to challenge the adequacy of the plea colloquy. We find Grim's conviction for burglary in the third degree is not supported by a factual basis, and therefore, we vacate the conviction and remand for further proceedings. We also find Grim has not carried his burden in demonstrating his trial counsel provided ineffective assistance for his conviction of assault causing bodily injury; we affirm this conviction.

## I.      BACKGROUND FACTS AND PROCEEDINGS

According to the minutes of testimony, the victim in this case, Roger James, went to Grim's residence to retrieve an item Grim had borrowed from him approximately two years prior. The item was located on the "railroad right of way." Grim was at work during James's visit, but Grim's wife was home and objected to James's removal of the item. She called the sheriff but later told law enforcement to disregard her report as the matter had been resolved. The following morning, around 12:30 a.m., Grim entered James's camper and began to physically assault James. Kevin Wolfe, who was staying at James's camper, was also awoken by Grim's entrance. Wolfe attempted to pull Grim away from James, but Grim overpowered him. Wolfe called 911, and Grim got back in his vehicle and left the scene. Deputy Steven Henry arrived at the scene shortly after Grim's departure. Deputy Henry observed that James had "sustained a

significant amount of injury to his face, head, and torso." There was a "significant amount of blood on [James]."

On November 27, 2013, the State charged Grim with burglary in the first degree and assault causing bodily injury. The State and Grim reached a plea agreement in which Grim would plead guilty to third-degree burglary, in violation of Iowa Code sections 713.1 and 713.6A (2013), and assault causing bodily injury, in violation of Iowa Code sections 708.1(1) and 708.2(2). During the plea colloquy, Grim denied having the intent to commit an assault or theft when he entered the trailer. The State did not challenge Grim's denial. The district court accepted the plea and sentenced Grim to terms of imprisonment not to exceed five years (on count one) and one year (on count two) to run concurrently. Grim now appeals.

## II.     STANDARD OF REVIEW

We review ineffective-assistance-of-counsel claims de novo. *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010).

## III.    MERITS

Grim claims his trial counsel was ineffective for failing to challenge the factual basis for his guilty plea for burglary in the third degree and for failing to challenge the adequacy of the plea colloquy for both of the charged offenses. "If an ineffective-assistance-of-counsel claim is raised on direct appeal from the criminal proceedings, we may decide the record is adequate to decide the claim or may choose to preserve the claim for postconviction proceedings." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Upon our review of the record, we find

the record adequate to address Grim's ineffective-assistance-of-counsel claims. *See id.*

An ineffective-assistance-of-counsel claim requires a demonstration of both ineffective assistance and prejudice. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). Grim must prove both the "essential duty" and "prejudice" elements by a preponderance of the evidence. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012).

### A.      Factual Basis

"Defense counsel violates an essential duty when counsel permits defendant to plead guilty and waive his right to file a motion in arrest of judgment when there is no factual basis to support defendant's guilty plea. Prejudice is presumed under these circumstances." *Ortiz*, 789 N.W.2d at 764–65 (citations omitted). To satisfy the essential duty prong, Grim must demonstrate the record lacks a factual basis to support his guilty plea for third-degree burglary. *See id.* A factual basis for a guilty plea may be found from: (1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presentence report, and (4) minutes of evidence. *Id.* at 768. "Moreover, we have held the record does not need to show the totality of evidence necessary to support a guilty conviction, but it need only demonstrate facts that support the offense." *Id.*

Iowa Code section 713.1 provides:

> Any person, having the intent to commit a felony, assault or theft therein, who, having no right, license or privilege to do so, enters an occupied structure, such occupied structure not being open to the public, or who remains therein after it is closed to the public or after the person's right, license or privilege to be there has

expired, or any person having such intent who breaks an occupied structure, commits burglary.

Iowa Code section 713.6A provides: "All burglary which is not burglary in the first degree or burglary in the second degree is burglary in the third degree."

Grim claims there is insufficient evidence to demonstrate he had the "intent to commit a felony, assault or theft" when he entered James's camper. *See* Iowa Code § 713.1. He claims his intent in entering the trailer was to "talk to" James, not to assault him. Intent is seldom susceptible to proof by direct evidence. *State v. Sinclair*, 622 N.W.2d 772, 780 (Iowa Ct. App. 2000). Proving intent usually depends on circumstantial evidence and the inferences a fact-finder may draw from the evidence. *Id.* "[T]he facts and circumstances surrounding the act, as well as any reasonable inferences to be drawn from those facts and circumstances, may be relied upon to ascertain the defendant's intent." *State v. Schminkey*, 597 N.W.2d 785, 789 (Iowa 1999).

Upon our review, we find the plea colloquy or other evidence does not establish a factual basis for the intent element of burglary in the third degree.[1] *See Rhoades v. State*, 848 N.W.2d 22, 30 (Iowa 2014) ("Although we do not require a detailed factual basis, we do require the defendant to acknowledge facts that are consistent with the elements of the crime."). Therefore, we find Grim's trial counsel breached his duty to Grim by allowing him to plead guilty and waive his right to file a motion in arrest of judgment. Due to Grim's trial counsel's

---

[1] We note the factual scenario presented here is similar to *State v. Perkins*, 875 N.W.2d 190, 192 (Iowa Ct. App. 2015), which was published after Grim's sentencing. In *Perkins*, the defendant denied an element of the charged offense during the plea colloquy, and the State did not challenge the denial. 875 N.W.2d at 192. We found it was impermissible for a district court to rely on the minutes of testimony or other sources of information to establish a factual basis when the defendant affirmatively denied an element of the charged offence. *Id.* at 194.

breach, prejudice is presumed, and Grim has carried his burden in proving his counsel provided ineffective assistance. *See Ortiz*, 789 N.W.2d at 764–65. We vacate this part of the conviction and remand to the district court to allow the State to demonstrate whether a factual basis exists. *See Schminkey*, 597 N.W.2d at 792 ("Where . . . it is possible that a factual basis could be shown, it is more appropriate merely to vacate the sentence and remand for further proceedings to give the State an opportunity to establish a factual basis."). The State may supplement the record to establish a factual basis for the crime of burglary in the third degree. If the State cannot establish a factual basis for this charge, "we must put the State back in the position it was in before making the plea agreement," which would require the district court to vacate this conviction. *State v. Gines*, 844 N.W.2d 437, 442 (Iowa 2014). "[T]he State may reinstate any charges or sentencing enhancements dismissed from the . . . [trial] information in contemplation of the plea agreement, file any additional charges supported by the available evidence, and proceed against [Grim] on all charges and sentencing enhancements contained in the" trial information plus any new charges. *Id.*

### B.     Adequacy of the Plea Colloquy

Because we have found Grim received ineffective assistance concerning his conviction for burglary in the third degree, we only address the adequacy of the plea colloquy as to Grim's conviction for assault causing bodily injury. Grim claims the plea colloquy failed to advise him of the mandatory minimum for assault causing bodily injury, and therefore, his plea was not knowingly and voluntarily made. *See* Iowa R. Crim. P. 2.8(2)(b). A trial court shall not accept a

defendant's guilty plea without "first determining that the defendant's plea is made voluntarily and intelligently and has a factual basis." Iowa R. Crim. P. 2.8(2)(b). Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands . . . the nature of the charge" and the maximum and minimum punishment. *Id.* 2.8(2)(b)(1), (2).

We apply a substantial compliance standard in assessing whether the trial court has adequately informed the defendant of the items listed in the rule. *State v. Myers*, 653 N.W.2d 574, 578 (Iowa 2002). "Substantial compliance" requires at a minimum that the defendant be informed of these matters and understand them. *State v. Kress*, 636 N.W.2d 12, 21 (Iowa 2001).

> In applying this standard to the requirement that the defendant know and understand the nature of the charges against him, we have held the court need not review and explain each element of the crime *if* it is "apparent in the circumstances the defendant understood the nature of the charge." [*State v.*] *Smith,* 300 N.W.2d [90,] 92 [(Iowa 1981)]. Moreover, if "the record shows the court gave misleading or inaccurate advice concerning the nature of the offense, the requisite understanding cannot be found." *Id.*

*State v. Loye*, 670 N.W.2d 141, 151 (Iowa 2003).

The colloquy concerning Grim's plea to assault causing bodily injury lacks a discussion of the minimum sentence for that offense. Therefore, we find Grim's trial counsel breached an essential duty by failing to object to the court's omissions.

However, Grim has failed to demonstrate, by a preponderance of the evidence, his trial counsel's breach of an essential duty caused prejudice. Prejudice exists where the claimant proves by "a reasonable probability that, but

for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *Straw*, 709 N.W.2d at 138; *see also Strickland*, 466 U.S. at 691–92. We find Grim has failed to show, by a preponderance of the evidence, his trial counsel provided ineffective assistance. We affirm Grim's conviction for assault causing bodily injury.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**