**IN THE COURT OF APPEALS OF IOWA**

No. 15-0196
Filed December 9, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**HARRY JAY PERKINS JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Henry W. Latham II (plea) and Joel W. Barrows (sentencing), Judges.

        A defendant appeals his conviction and sentence, based upon a guilty plea, alleging counsel was ineffective in allowing him to plead guilty without a factual basis. **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

        Mark C. Smith, State Appellate Defender, and Maria L. Ruhtenberg, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney General, for appellee.

        Considered by Doyle, P.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Harry Perkins Jr. appeals his conviction and sentence following his guilty plea to domestic abuse assault, third offense, in violation of Iowa Code section 708.2A(4) (2013), a class "D" felony. Perkins asserts his trial counsel was ineffective in allowing him to plead guilty to domestic abuse assault without a factual basis for the crime.

## I.     Background Facts and Proceedings

On January 24, 2014, Perkins assaulted his on-again/off-again girlfriend, Camilla.[1] Camilla told police she and Perkins were drinking alcohol and got into a verbal argument when Perkins pushed her, kicked her, and stomped on her hand causing it to break. Camilla told police she and Perkins were living together at the time of the assault. Police arrested Perkins on March 24, 2014.

On April 11, 2014, the State filed a trial information charging Perkins with domestic abuse assault, third offense, in violation of Iowa Code section 708.2A(4), a class "D" felony, and willful injury resulting in serious injury, in violation of Iowa Code section 708.4(1), a class "C" felony. On September 5, 2014, Perkins entered into a written plea agreement, agreeing to plead guilty to domestic abuse assault in exchange for a dismissal of the willful-injury charge and the State's agreement not to pursue an habitual offender enhancement. That same day, Perkins entered a plea of guilty on the record and the court accepted it. During the plea colloquy, Perkins denied living with Camilla within the previous year. The State did not challenge Perkins's denial.

---

[1] Camilla and Perkins do not have any children together and have never been married.

On September 25, 2014, Perkins filed a pro se motion in arrest of judgment. On October 2, 2014, Perkins's counsel filed another motion in arrest of judgment and a motion to withdraw as counsel. On October 9, 2014, Perkins withdrew his motions in arrest of judgment. On November 12, 2014, Perkins reasserted his motion in arrest of judgment on the record, again claiming that he had not lived with Camilla in over a year. Perkins's counsel then refiled his motion to withdraw. The following day, the court granted counsel's motion to withdraw, appointed new counsel to represent Perkins, and set a hearing on the motion in arrest of judgment. On December 31, 2014, Perkins again withdrew his motion in arrest of judgment, and the court proceeded to sentencing, imposing a sentence of an indeterminate term not to exceed five years, with a one-year mandatory minimum. Perkins appeals.

## II.    Standard of Review

In order to challenge a guilty plea on appeal, a defendant must file a motion in arrest of judgment.[2]   *State v. Bearse*, 748 N.W.2d 211, 218 (Iowa 2008); *see also* Iowa R. Crim. P. 2.24(3)(a). However, when a defendant raises a claim that counsel was ineffective in allowing him to plead guilty to a charge that lacked a factual basis, he may challenge the guilty plea on appeal. *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). We review claims of ineffective assistance of counsel de novo because the claims implicate the defendant's Sixth Amendment right to counsel. *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015). An ineffective-assistance-of-counsel claim may be raised and

---

[2] Perkins filed two motions in arrest of judgment but later withdrew both of them.

decided on direct appeal when the record is adequate to address the claim. Iowa Code § 814.7(2), .7(3). To succeed on a claim of ineffective assistance of counsel, the defendant must show by a preponderance of the evidence: "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *Thorndike*, 860 N.W.2d at 320 (quoting *State v. Adams*, 810 N.W.2d 365, 372 (Iowa 2012)); *accord. Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Where a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty. Prejudice in such a case is inherent." *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999) (citation omitted); *see also State v. Ortiz*, 789 N.W.2d 761, 764–65 (Iowa 2010).

### III.   Analysis

Perkins contends his attorney was ineffective in allowing him to plead guilty to domestic abuse assault without a factual basis. We find the record adequate to address this claim. *See State v. Utter*, 803 N.W.2d 647, 651 (Iowa 2011).

Iowa Rule of Criminal Procedure 2.8(2)(b) requires a district court to find a factual basis supporting the guilty plea before accepting it. A factual basis differs from the evidence required at a trial to prove a defendant's guilt beyond a reasonable doubt. *Finney*, 834 N.W.2d at 62 ("Our cases do not require that the district court have before it evidence that the crime was committed beyond a reasonable doubt, but only that there be a factual basis to support the charge."). Establishing a factual basis requires the defendant "to acknowledge facts that are consistent with the elements of the crime." *Rhoades v. State*, 848 N.W.2d 22, 30

(Iowa 2014). When a defendant challenges the factual basis to support a guilty plea, our court examines the entire record before the district court at the guilty-plea hearing. *Finney*, 834 N.W.2d at 62. Generally, this includes "any statements made by the defendant, facts related by the prosecutor, the minutes of testimony, and the presentence report." *Schminkey*, 597 N.W.2d at 788.

Perkins entered a plea of guilty to domestic abuse assault, third offense, in violation of Iowa Code section 708.2A(4). Section 708.2A(1) provides "domestic abuse assault" means an assault as defined in section 708.1, which is domestic abuse as defined in section 236.2, subsection 2, paragraph 'a', 'b', 'c', or 'd'."[3] Section 708.2A does not include paragraph (e) of section 236.2(2), which provides an assault is "domestic abuse" if it is "between persons who are in an intimate relationship or have been in an intimate relationship and have had contact within the past year of the assault." At the plea proceeding, Perkins specifically denied living with Camilla both at the time of the assault and in the year leading up to the assault. *See* Iowa Code § 236.2(2)(a), (d). He had never been married to Camilla and did not have any children with her. *See id.*

---

[3] Domestic abuse is defined in section 236.2(2) as

> [C]ommitting assault as defined in section 708.1 under any of the following circumstances:
>
> a. The assault is between family or household members who resided together at the time of the assault.
>
> b. The assault is between separated spouses or persons divorced from each other and not residing together at the time of the assault.
>
> c. The assault is between persons who are parents of the same minor child, regardless of whether they have been married or have lived together at any time.
>
> d. The assault is between persons who have been family or household members residing together within the past year and are not residing together at the time of the assault.

§ 236.2(2)(b), (c). Perkins admitted that he had been in an intimate relationship with Camilla. *See id.* § 236.2(2)(e). At the sentencing hearing, the State conceded on the record that Perkins's motion in arrest of judgment was a valid challenge to the plea proceeding. The State acknowledged that section 708.2A(1) did not extend to paragraph (e) of section 236.2(2). The record shows "that all parties understand that there is a potential problem with the factual basis that [Perkins] gave," but all also assumed that withdrawal of the motion in arrest of judgment would constitute a waiver of any future postconviction challenge to the plea proceeding. The State also asserted that a jury could find the two were cohabiting based upon Camilla's statements to police contained within the minutes of testimony that she and Perkins lived together at the time of the assault.

The State's argument is a misapplication of the principles reviewed in *Finney*. The lesson from *Finney* is that a guilty-plea colloquy that results in minor omissions of facts may be supplemented by other portions of the record in the district court, including the minutes of testimony. *See* 834 N.W.2d at 62. There is no suggestion in *Finney* that a plea-taking court should look to other portions of the record to determine whether the defendant's denial of an element of an offense would be rejected by a jury. Our law will not permit a court to accept a guilty plea when a defendant affirmatively maintains a denial of facts necessary to support an element of the crime.[4] *See Rhoades*, 848 N.W.2d at 30. "Nothing

---

[4] The State asks us to find Perkins's plea constituted an *Alford* plea. At the sentencing hearing, Perkins admitted he could be convicted of domestic abuse assault and asked the court to consider his plea an *Alford* plea; a request the court denied. We agree with

in [the *Finney*] opinion . . . should be construed as an invitation to district courts to short circuit rule 2.8(2)(b) when taking a guilty plea." 848 N.W.2d at 62.

When a defendant specifically denies an element of the offense charged, as Perkins did here, "it is error for the court to find that a factual basis exists when the defendant actively contests a fact constituting an element of the offense in the absence of circumstances warranting the conclusion that the defendant's protestations are 'unworthy of belief.'" *State v. Elphic*, No. 14-0600, 2015 WL 408092, at *4 (Iowa Ct. App. Jan. 28, 2015) (quoting *United States v. Culbertson*, 670 F.3d 183, 190–91 (2d Cir. 2012)).  We conclude that a factual basis to support a guilty plea is so fundamental that it cannot be waived.  *See id.*; *see also United States v. Adams*, 448 F.3d 492, 502 (2d Cir. 2006) ("A lack of a factual basis for a plea is a substantial defect calling into question the validity of the plea.  'Such defects are not technical, but are so fundamental as to cast serious doubt on the voluntariness of the plea,' and require reversal and remand so that the defendant may plead anew or stand trial." (quoting *Godwin v. United States*, 687 F.2d 585, 591 (2d Cir. 1982) (citations omitted))).  Therefore, we reverse and remand Perkins's conviction and sentence for domestic abuse assault, third offense, for further proceedings.

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

---

the district court that Perkins entered a plea of guilty, not an *Alford* plea, and decline to consider his plea in the context of an *Alford* plea on appeal.