# IN THE COURT OF APPEALS OF IOWA

No. 15-1595
Filed October 26, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**NOEL BENDER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Plymouth County, Patrick H. Tott, Judge.


        Noel Bender appeals his judgment and sentence for domestic abuse assault.  **REVERSED AND REMANDED.**


        Priscilla E. Forsyth, Sioux City, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.


        Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

Noel Bender appeals his judgment and sentence for domestic abuse assault. He contends his attorney was ineffective in failing to object to an "intimate relationship" alternative in the marshalling instruction.

## I.  *Background Facts and Proceedings*

Bender met a woman and moved in with her approximately two months later. Bender indisputably assaulted the woman.

The State charged Bender with domestic abuse assault, third or subsequent offense while being a habitual felon. *See* Iowa Code §§ 708.2A(1), 708.2A(4), 902.8, 902.9 (2015). The district court instructed the jury that the State would have to prove the assault "occurred between persons who were in an 'intimate relationship' . . . or occurred between persons who were household members who resided together at the time of the assault." The jury returned a general verdict of guilty. Bender appealed.

## II.  *Jury Instruction-Intimate Relationship*

Iowa Code chapter 708 sets forth enhanced penalties for assaults that are "domestic abuse as defined in section 236.2, subsection 2, paragraph 'a', 'b', 'c', or 'd'." *Id.* § 708.2A(1). The statute does not authorize enhanced penalties for assaults that are domestic abuse as defined in section 236.2(2)(e). Subsection (e) refers to assaults "between persons who are in an intimate relationship or have been in an intimate relationship" and states "[a] person may be involved in an intimate relationship with more than one person at a time." *Id.* § 236.2(2)(e)(1), (2).

Bender only disputes the "domestic abuse" element of domestic abuse assault. In his view, the district court "erroneously instructed the jury that the definition of domestic abuse includes intimate relationships as defined in Iowa Code [s]ection 236.2(2)(e)(1) and (2)." Because his attorney failed to object to the instruction on this basis, he raises the issue under an ineffective-assistance-of-counsel rubric.

To succeed, Bender must show (1) the breach of an essential duty and (2) prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). We find the record adequate to address this claim. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012).

The State essentially concedes Bender's attorney breached an essential duty in failing to object to the jury instruction that erroneously allowed the State to prove domestic abuse based on an intimate relationship. *See State v. Perkins*, 875 N.W.2d 190, 193-94 (Iowa Ct. App. 2015) (concluding defendant's guilty plea to domestic abuse lacked a factual basis where defendant "admitted that he had been in an intimate relationship" with the victim, but "specifically denied living with [her]"); *see also State v. Ondayog*, 722 N.W.2d 778, 785 (Iowa 2006) ("[F]ailure to recognize an erroneous instruction and preserve error breaches an essential duty."). The State focuses on the prejudice prong of Bender's ineffective-assistance-of-counsel claim, arguing Bender "cannot carry his burden to prove the reasonable probability of a different outcome." *See State v. Maxwell*, 743 N.W.2d 185, 197 (Iowa 2008) ("When the submission of a superfluous jury instruction does not give rise to a reasonable probability the outcome of the proceeding would have been different had counsel not erred, in

the context of an ineffective-assistance-of-counsel claim, no prejudice results."). We are not persuaded by the State's argument.

As discussed, the district court instructed the jury on two alternative means of establishing a "domestic" relationship: (1) the persons were in an "intimate relationship" or (2) the persons were "household members." The State presented evidence supporting both alternatives and highlighted both in its opening statement and closing argument. Bender conceded he had sex with the woman and, while characterizing the sex as "casual," focused most of his testimony on the "household member" alternative. He pointed to several facts cutting against a finding of household membership, including the absence of his name on the lease or utility bills and the minimal number of personal items in the woman's home. In light of this record, jurors very well could have found guilt under the less contentious but erroneously-included "intimate relationship" alternative rather than the heavily-disputed "household member" alternative. Jurors were instructed they need not agree on a theory as long as they were unanimous on the verdict. We cannot tell from the general verdict form which alternative they chose. On our de novo review, we conclude Bender proved a reasonable probability of a different outcome had counsel objected to the inclusion of the "intimate relationship" alternative.

A recent opinion with a similar issue does not alter our conclusion. *See State v. Thorndike*, 860 N.W.2d 316 (Iowa 2015). In *Thorndike*, the court was asked to decide whether counsel was ineffective in failing to object to a jury instruction containing a superfluous alternative. *Id.* at 322-23. The court concluded the defendant failed to establish prejudice because (1) "the alternative

. . . did not contradict another instruction given . . . or misstate the law," (2) the record was "devoid of any evidence that would have allowed the jury to find" guilt on the superfluous ground, and (3) the State made no argument that the superfluous alternative was applicable. *Id.*

*Thorndike* is distinguishable. Unlike the jury instruction in that case, the jury instruction here admittedly misstated the law. *See Maxwell*, 743 N.W.2d at 197 ("Under the facts contained in this record, we do not believe the aiding and abetting instruction misstated [the defendant's] culpability in a material way."). And, as noted, the State presented evidence in support of the erroneously-included "intimate relationship" alternative. Indeed, the State used those precise terms in eliciting testimony from the woman who was assaulted. Finally, the State invoked the erroneously-included alternative in arguing for a finding of guilt. *See State v. Simms*, No. 15-0274, 2016 WL 4543496, at *4 (Iowa Ct. App. Aug. 31, 2016) (distinguishing *Thorndike* on the ground the record was "laden" with references to four alternative means of committing the crime and "the prosecutor stated, 'There is evidence of all four and the State believes that you could find all four'").

Because Bender proved his ineffective-assistance-of-counsel claim, we reverse and remand for a new trial.

**REVERSED AND REMANDED.**