**IN THE COURT OF APPEALS OF IOWA**

No. 17-0155
Filed September 27, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**STEVEN WAYNE SIX,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Odell G. McGhee II, District Associate Judge.

        Steven Six appeals from the judgment and sentence imposed after he pled guilty to one charge of operating a vehicle without the owner's consent. **AFFIRMED.**

        Thomas M. McIntee, Waterloo, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Steven Six appeals from the judgment and sentence imposed after he pled guilty to one charge of operating a vehicle without the owner's consent. He challenges whether a factual basis exists to support his plea and whether he entered the plea knowingly, intelligently, and voluntarily. We affirm his conviction and sentence.

### I. Background Facts and Proceedings.

The State filed a trial information alleging Six committed the crime of operating a vehicle without the owner's consent, in violation of Iowa Code section 714.7 (2016). Six requested the State waive filing of the minutes of evidence, agreeing that the grounds for filing the trial information were contained in the preliminary complaint, which states:

> On 5-1-16 a Ford truck was stolen from 11010 NW 123 St in rural Polk County. The truck was later recovered at a Quick Trip store at 1451 22 St in West Des Moines. The store provided security video that clearly showed a white male with grey hair drive the truck to the store, then exit the truck and go into the business. The video then showed the subject purchase some items and then leave the store, leaving the truck parked at the store.
> A latex glove was found in the truck that did not belong to the owner of the truck. This latex glove was submitted to the Iowa State DCI lab for DNA testing. On 12-16-16 the DCI lab completed a report showing a DNA match to Steven Wayne Six. I then retrieved a driver's license photo for Mr. Six and compared it to the video from the Quick Trip store. It was clear the suspect in the video was Mr. Six.

Six entered a written guilty plea to the charge of operating a vehicle without the owner's consent, waiving his right to a verbatim record of the plea proceedings. Six admitted that he "drove a truck without the permission of the

owner" and agreed to a suspended sentence and to complete inpatient treatment.

The court accepted Six's guilty plea. Six waived the time before sentencing and the presentence investigation report, asking for immediate sentencing. The court sentenced Six to be incarcerated for a period not to exceed two years, suspended the sentence, and ordered Six to complete the recommendations of the substance abuse evaluation. The court also fined Six "$625 plus surcharge[s]." Six appeals.[1]

**II. Scope and Standard of Review.**

Ordinarily, a defendant must file a motion in arrest of judgment to preserve error on a challenge to a guilty plea on appeal. *See State v. Perkins*, 875 N.W.2d 190, 192 (Iowa Ct. App. 2015). Challenges to a guilty plea based on claims of ineffective assistance of counsel are an exception to the rule. *See id.* We review ineffective-assistance claims de novo, and we will decide such a claim on direct appeal if the record is adequate. *See id.* at 192-93. In order to succeed on an ineffective-assistance claim, a defendant must show by a preponderance of the evidence that trial counsel failed to perform an essential duty and that failure resulted in prejudice. *See id.* at 193.

---

[1] We note that the numerous block quotes in Six's brief are non-compliant with the rules of appellate procedure because the font utilized is too small. The rules require "A proportionally spaced typeface must be 14 point or larger *for all text*, including footnotes." Iowa R. App P. 6.903(1)(e)(1) (emphasis added). Furthermore, numerous case citations are non-compliant because they do not cite to a specific page. The rules require: "When quoting from authorities or referring to a particular point within an authority, the specific page or pages quoted or relied upon must be given in addition to the required page references." Iowa R. App. P. 6.904(2)(a). Lastly, the brief's citations to unpublished cases are non-compliant for failure to include an electronic citation. *See* Iowa R. App. P. 6.904(2)(c).

### III. Factual Basis.

Six alleges his trial counsel was ineffective in allowing him to plead guilty without assuring a factual basis supported the charge. Because no minutes of evidence had been filed at the time he entered his guilty plea, Six argues his counsel could not have performed a meaningful investigation. He also alleges that counsel induced his guilty plea by assuring him an immediate release from jail.

If a defendant pleads guilty without a factual basis for the charge, counsel has failed to perform an essential duty and prejudice is presumed. *See id.* In determining whether a factual basis exists to support the charge to which a defendant has pleaded guilty, we look at the entire record before the district court at the time of the plea. *See State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). The narrative report in the initial complaint and Six's written guilty plea provide a factual basis for the charge.

To the extent Six argues his counsel was ineffective in failing to adequately investigate the charges or inducing his plea, the issues are preserved for a potential postconviction proceeding to allow the record to be fully developed. *See id.* at 63 (noting that ineffective-assistance claims based on counsel's failure to investigate are "the type of claim that must await development of a factual record in a potential postconviction proceeding").

### IV. Voluntariness.

Six also contends his trial counsel was ineffective in allowing him to plead guilty when his plea was not knowing, intelligent, and voluntary. In order to assure a plea is knowing, intelligent, and voluntary, the court must inform the

defendant of and ensure the defendant understands the nature of the charge, the mandatory minimum punishment, the effect a conviction may have on the defendant's status under federal immigration laws, the rights the defendant is waiving by pleading guilty, and that pleading guilty waives the defendant's right to a trial. *See* Iowa R. Crim. P. 2.8(2)(b); *State v. Everett*, 372 N.W.2d 235, 236 (Iowa 1985). If a defendant's plea is not knowing, intelligent, and voluntary and counsel fails to file a motion in arrest of judgment challenging it, counsel has breached of an essential duty. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

Six alleges his plea was not knowing, intelligent, and voluntary because the trial court failed to engage in a colloquy concerning the voluntariness of his plea on the record. He claims this failure leaves the question of its voluntary nature "tainted." Although rule 2.8(2)(b) requires the court to address a defendant "personally in open court," it allows the court to waive the in-court colloquy with the defendant's approval if the defendant is pleading guilty to a serious or aggravated misdemeanor and the written guilty plea provides a sufficient basis for the court to find the plea was knowing, intelligent, and voluntary. Six pled guilty to an aggravated misdemeanor and waived the in-court colloquy, and the court found that Six understood the charge, the penal consequences, and the constitutional rights he was waiving. The lack of in-court colloquy alone cannot stand as the basis for Six's claim his plea was not knowing, intelligent, and voluntary.

Six also alleges his plea was not knowing, intelligent, and voluntary because the trial court failed to inform him of the 35% surcharge that applied to

all fines imposed upon him and, therefore, his trial counsel was ineffective in failing to file a motion in arrest of judgment. Although Six claims the trial court failed to inform him of the 35% surcharge on each fine imposed, the written guilty plea states: "I understand that pursuant to Iowa Code Chapter 911, in addition to the above possible sentences, I will be assessed a 35% surcharge on any fine imposed . . . ." Because Six knew he would be assessed a 35% surcharge on each of his fines, he cannot show the required prejudice necessary to succeed on his ineffective-assistance claim—a reasonable probability that he would not have pled guilty and would have insisted on going to trial had the trial court informed him of the surcharge. *See id.* at 137-38 ("Under the "reasonable probability" test, the defendant, who has already admitted to committing the crime, *has the burden* to prove he or she would not have pled guilty if the judge had personally addressed the maximum punishment for his or her crimes.").

Finally, Six argues his trial counsel was ineffective by allowing him to be sentenced immediately. Because the record before us is devoid of evidence of how any error prejudiced Six, we must preserve the ineffective-assistance-of-counsel claim for a potential postconviction proceeding. *See State v. Bearse*, 748 N.W.2d 211, 219 (Iowa 2008).

We affirm the judgment and sentence entered on Six's conviction for operating a vehicle without the owner's consent.

**AFFIRMED.**