**IN THE COURT OF APPEALS OF IOWA**

No. 16-2050
Filed January 10, 2018

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**ADRIAN MICHAEL HOWARD DUNNE,**
      Defendant-Appellant.
_____

      Appeal from the Iowa District Court for Lee (South) County, Mary Ann Brown, Judge.


      A defendant convicted of first-degree theft challenges the performance of his plea counsel. **AFFIRMED.**


      Anne K. Wilson of Anne K. Wilson Law Office, P.L.L.C., Hiawatha, for appellant.

      Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee.


      Considered by Vogel, P.J., and Tabor and Bower, JJ.

**TABOR, Judge.**

Adrian Dunne received a deferred judgment after pleading guilty to theft in the first degree. Then he violated the terms of his probation, resulting in the imposition of judgment and sentence. On appeal, he argues his attorney provided ineffective assistance by failing to file a motion in arrest of judgment to challenge both the factual basis for the guilty plea and the court's failure to inform him of the consequences should he fail to comply with the terms of the deferred judgment.[1] Finding no breach of duty, we affirm.

## I. Facts and Prior Proceedings

In October 2015, Dunne entered an in-law's garage and stole a Polaris Razor all-terrain vehicle (ATV). He intended to sell the ATV for roughly $700, though it was worth more than $10,000. As a result, Dunne was charged with first-degree theft, in violation of Iowa Code sections 714.1(1) and 714.2(1) (2015), and third-degree burglary, in violation of Iowa Code section 713.6A.

Dunne eventually reached a bargain with the State in which he agreed to enter a guilty plea to first-degree theft in return for the State dismissing the burglary count and recommending a deferred judgment. At the plea hearing, the district court reviewed the elements of first-degree theft and verified the factual basis for each element.

---

[1] Dunne also claims his guilty plea was not knowing, voluntary, and intelligent because the district court failed to inform him of the consequences of pleading guilty and receiving a deferred judgment. Because Dunne did not file a motion in arrest of judgment, this issue is not preserved for our review. *See* Iowa R. Crim. P. 2.24(3)(a). In addition, Dunne asserts in his reply brief that the district court should have suspended the proceedings to evaluate Dunne's competency after learning of his drug use and mental-health issues. We cannot consider an issue raised for the first time in a reply brief. *See Polk Cty. v. Davis*, 525 N.W.2d 434, 435 (Iowa Ct. App. 1994).

The court also explained once Dunne pleaded guilty he could be sentenced to the maximum penalty allowed, and Dunne said he understood. The court went on to explain that maximum penalties included ten years in prison and up to a $10,000 fine, and Dunne said he understood. After reviewing this information, the court confirmed Dunne still wanted to plead guilty. The court accepted his guilty plea and informed Dunne any challenge to the plea must be advanced through a motion in arrest of judgment.

At the February 29, 2016 sentencing, the court granted Dunne a deferred judgment. The court also imposed a five-year probationary term and ordered Dunne to pay a civil penalty and restitution and to reside in a residential facility for one year or until Dunne achieved maximum benefits. In May 2016, a probation officer filed a report of violation, alleging Dunne failed to return to the residential facility after attending an Alcoholic Anonymous meeting. As a result, the court entered judgment in November 2016 and sentenced Dunne to an indeterminate term of ten years in prison and a $1000 fine. Dunne now appeals.

## II. Scope and Standard of Review

Generally, a defendant must challenge a defect in the guilty-plea proceeding through a motion in arrest of judgment. *See* Iowa R. Crim. P. 2.24(3)(a). When counsel fails to file such a motion, a defendant may attack the plea on appeal through a claim of ineffective assistance. *State v. Perkins*, 875 N.W.2d 190, 192 (Iowa Ct. App. 2015). Because ineffective-assistance-of-counsel claims are rooted in the Sixth Amendment, we review them de novo. *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015). We will resolve ineffective-assistance claims on direct appeal only when the record is sufficient to do so; if the

record is lacking, we will preserve the claim for postconviction proceedings. *See id.* To prevail, Dunne must show by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted. *See id.* If Dunne is unable to prove either element, then he cannot prevail. *See id.*

### III. Analysis of Dunne's Ineffective-Assistance Claims

### A. Factual Basis for Guilty Plea

We first address Dunne's claim that counsel breached a duty by not filing a motion in arrest of judgment to challenge the factual basis supporting his plea for first-degree theft. Iowa Rule of Criminal Procedure 2.8(2)(b) requires a court to establish a factual basis for an offense before accepting a guilty plea. To satisfy this requirement, the court must identify facts consistent with the elements of the crime and may consider the defendant's statements. *See Perkins*, 875 N.W.2d at 193. A person commits theft when he "[t]akes possession or control of the property of another, or property in the possession of another, with the intent to deprive the other thereof." Iowa Code § 714.1(1). A person commits theft in the first degree if the property is worth more than $10,000. *Id.* § 714.2(1).

At the plea hearing, Dunne admitted taking an ATV from an in-law's garage without the owner's permission. Dunne also admitted he did not intend to return the ATV, which was worth more than $10,000. In addition to Dunne's admissions during the plea hearing, minutes of evidence show Dunne's uncle intended to testify that Dunne took him for a ride on the stolen ATV, Dunne wore a sweatshirt with distinctive markings, which was later recovered from the ATV, and Dunne said he had plans to sell the ATV. Because this record was adequate to show a factual basis for first-degree theft, counsel was not ineffective for failing to file a motion in

arrest of judgment. *See State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011) (noting counsel cannot be faulted for declining to pursue a meritless claim).

### B.    Information on Consequences of Deferred Judgment

Dunne also argues counsel was ineffective in failing to challenge the guilty plea on the basis "the court did not inform [him] on the record of the consequences if he failed to meet the terms and conditions of the deferred judgment." He now contends had he been "properly advised of the terms and conditions of the deferred judgment, he would not have agreed to the guilty plea as presented, or at least would not have violated the terms of his probation, and therefore the outcome of the proceeding would have been different."

We again find counsel breached no duty. The plea colloquy detailed the potential consequences of Dunne's guilty plea. Dunne received the necessary information and confirmed his intent to plead guilty. Dunne also confirmed that he understood under the plea agreement that the State would *recommend* a deferred judgment. Dunne understood the sentencing court had discretion whether to grant the deferred judgment and, if it did not, he faced a maximum penalty of ten years in prison. The district court was not required to explain as a part of the plea colloquy how Dunne needed to comply with the terms of his probation to gain the benefit of the deferred judgment. *See generally* Iowa R. Crim. P. 2.8(2)(b) (outlining essential elements of plea colloquy). Plea counsel had no obligation to object to the plea proceeding on this basis.

Dunne is unable to show any deficiency in counsel's handling of the guilty plea. Accordingly, we decline to disturb his conviction.

**AFFIRMED.**