**IN THE COURT OF APPEALS OF IOWA**

No. 17-0815
Filed April 4, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**NICHOLAS DEAN FREITAG,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, Karen Kaufman

Salic, District Associate Judge.


        Nicholas Freitag appeals his convictions following his guilty pleas to

possession of firearm or offensive weapon by a felon and domestic abuse assault.

**AFFIRMED.**


        F. David Eastman of Eastman Law Office, Clear Lake, for appellant.

        Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant

Attorney General, for appellee.



        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Nicholas Freitag appeals his convictions following his guilty pleas to possession of a firearm or offensive weapon by a felon and domestic abuse assault. He claims his trial counsel rendered ineffective assistance for (1) pressuring him to withdraw a motion in arrest of judgment, (2) failing to inform the trial court the plea colloquy was insufficient, specifically concerning the requirement to complete batterer's education, and (3) not challenging the State's alleged failure to abide by its obligations under the plea agreement.

I.      **Background Facts and Prior Proceedings**

On or about February 28, 2017, Freitag was in a physical altercation with his girlfriend, A.A., during which he picked up a firearm, pointed it at her, and physically assaulted her. On March 10, Freitag was charged by trial information with being a felon in possession of a firearm or offensive weapon as a habitual offender (count one), domestic abuse assault while displaying a dangerous weapon (count two), and domestic abuse assault impeding breathing or circulation of blood causing bodily injury as a habitual offender (count three).

On April 12, Freitag filed a written plea of guilty that recited the plea agreement. In exchange for Freitag's guilty plea, the State agreed to amend count one to dismiss the habitual-offender allegation, reduce count two to a simple misdemeanor, and dismiss count three. The State further agreed it would concur with the presentence investigation report's recommendations for count one, and for count two would recommend two days of jail time, to run concurrently with any sentence of incarceration imposed on count one. Freitag agreed he would be required to complete the domestic-abuse program and pay associated court costs,

fees, and restitution. There is no mention of the no-contact order between Freitag and A.A. in the guilty plea. The written guilty plea recited Freitag understood the State's recommendation would not be binding on the court, the court could sentence him up to the maximum allowed by law, and the court would not accept his plea unless it was satisfied he was guilty and had sufficient knowledge of his rights.

The court held a hearing the same day, conducted a guilty plea colloquy, and accepted Freitag's plea of guilty. At the plea hearing, the court stated the following regarding the terms of the plea agreement:

> THE COURT: It appears there's a plea agreement in which the habitual felony offender enhancement for this offence would be omitted and that the state will make a recommendation consistent with that made by the presentence investigator. Also, that you pay court costs and fees and surcharges. Also, that Count II, the Domestic Abuse Assault charge, would be amended to a simple misdemeanor with a recommendation of two days in jail concurrent with Count I; no fine but the hundred dollar domestic abuse assault surcharge; completion of the Iowa Domestic Abuse Program; court costs, restitution and fees; and that Count III be dismissed. Is that your understanding of the plea agreement?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Do you understand that's not binding on the Court and the Court could impose any sentence up to the maximum penalties we discussed earlier?
> THE DEFENDANT: Yes, Your Honor.
> . . . .
> THE COURT: Knowing all these rights, are you wanting to give them up and plead guilty?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Has anyone made any threats or promises to force you to plead guilty?
> THE DEFENDANT: No, Your Honor.
> THE COURT: Has the decision to plead guilty been made by you voluntarily?
> THE DEFENDANT: Yes.
> . . . .
> THE COURT: Based on our discussion here and your written plea, Mr. Freitag, I find that you are knowingly and voluntarily

entering your plea of guilty to each of the charges with a full understanding of the nature of the charge, the possible consequences, and any defenses you might have. I further find there is a factual basis for each plea and your plea of guilty to each Count I and II is entered of record.

If you wish to challenge the legality of the guilty plea proceedings, you must do so by filing a written Motion in Arrest of Judgment. That has to be filed with the Clerk of Court within 45 days of today's date but not less than five days before the day of sentencing. If you fail to timely file that, you'll give up your opportunity to appeal.

After the plea hearing, Freitag's plea counsel withdrew, and Freitag retained new counsel who appeared on April 27. On May 1, Freitag filed a motion in arrest of judgment claiming the guilty plea proceeding was inadequate because he did not fully understand his constitutional rights and did not fully understand and appreciate the legal consequences of his guilty plea. On May 22, the court convened to address both the motion in arrest of judgment and sentencing, and made the following record:

THE COURT: The defendant had filed a Motion in Arrest of Judgment. That was set for hearing today as well. The defendant this morning has filed a withdrawal of that motion.
Is that correct, [defense counsel]?
[DEFENSE COUNSEL]: Yes, Your Honor.
. . . .
THE COURT: And, [defense counsel], now with the withdrawal of the Motion in Arrest of Judgment, do you know of any reason why we should not proceed with sentencing at this time?
[DEFENSE COUNSEL]: No, Your Honor, and I would like to state for the record that I did review, again, the document entitled Entry of Guilty—Entry of Plea of Guilty filed April 12, 2017, with my client, and although it at the time did not include spaces to initial each paragraph, I believe Mr. Freitag fully understands all of his rights attendant to this proceeding and is now ready to proceed.
THE COURT: And I would note that, [defense counsel], you were not present at that hearing because the defendant had different counsel at that time and we did review the defendant's plea with him in full for a felony colloquy so we did review all of that and I do believe that he understood the provisions of the guilty plea as well as our discussion.

> [DEFENSE COUNSEL]: That's my understanding as well, and I'm satisfied that the Court did its usual thorough job with that during the colloquy.

The court then proceeded with sentencing. For count one, the State recommended five years of incarceration, not suspended. The State also recommended two days in jail for count two, to run concurrently with the sentence for count one.

The court sentenced Freitag to an indeterminate term of incarceration not to exceed five years for count one and a concurrent term of thirty days for count two. During the sentencing hearing, the court also ordered Freitag to complete the Iowa Domestic Abuse Program and terminated the no-contact order. On May 25, the court filed a nunc pro tunc order, adding the required completion of the Iowa Domestic Abuse Program, which was omitted from the original written judgment and sentencing order. As noted, Freitag appeals.

## II. Scope and Standards of Review

Generally, a defendant must file a motion in arrest of judgment in order to challenge a guilty plea. *State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006). If a defendant fails to file a motion in arrest of judgment after the court has informed the defendant of their obligation to do so, they cannot directly appeal from the guilty plea. Iowa R. Crim. P. 2.24(3)(a); *Straw*, 709 N.W.2d at 132. When counsel fails to file such a motion, a defendant may attack the plea on appeal through a claim of ineffective assistance of counsel. *State v. Perkins*, 875 N.W.2d 190, 192 (Iowa Ct. App. 2015). "In a criminal case, an ineffective-assistance-of-counsel claim 'need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes.'" *Everett v. State*, 789

N.W.2d 151, 156 (Iowa 2010) (quoting Iowa Code § 814.7(1)). However, such claims may be raised on direct appeal when the record is adequate to permit a ruling. *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013).

Because ineffective-assistance-of-counsel claims are rooted in the Sixth Amendment, we review them de novo. *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015). We will resolve ineffective-assistance claims on direct appeal only when the record is sufficient to do so; if the record is lacking, we will preserve the claim for postconviction-relief proceedings. *See id.* To prevail, Freitag must show by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted. *See id.* "[T]he court may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief." *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015).

## III.    Analysis

Due process requires a guilty plea be voluntary. *See State v. Loye*, 670 N.W.2d 141, 150 (Iowa 2003). "To be truly voluntary, the plea must not only be free from compulsion, but must also be knowing and intelligent." *Id.* at 151. Due process requires the defendant to have an understanding of "the constitutional protections that he gives up by pleading guilty, . . . 'the nature of the crime with which he is charged' and the potential penalties." *Id.* (quoting *State v. Fluhr*, 287 N.W.2d 857, 863 (Iowa 1980)). Before a court accepts a guilty plea for serious crimes, the district court must engage in some kind of colloquy with the defendant in order to ensure there is a factual basis for the plea and the defendant has knowingly and voluntarily waived important constitutional rights. *Finney*, 834 N.W.2d at 50.

In order to challenge his guilty plea on appeal, Freitag needed to file a motion in arrest of judgment. Freitag did, in fact, file a motion in arrest of judgment prior to sentencing. However, he withdrew the motion the morning of his sentencing hearing. Because the motion was withdrawn before sentencing, the court had no opportunity to address these claims. So, the claims are not preserved for our review. *See* Iowa R. Crim. P. 2.24(3)(a); *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). However, Freitag claims the withdrawal of the motion was due to ineffective assistance of counsel, contending defense counsel placed undue pressure on him to withdraw the motion before it was heard.

In reviewing a claim of ineffective assistance of counsel, "[i]f a claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). When a defendant raises a claim of ineffective assistance in relation to a guilty plea, the defendant has the burden to show "there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *Straw*, 709 N.W.2d at 138. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Ledezma*, 626 N.W.2d at 142.

Here, Freitag claims his defense counsel pressured him to withdraw the motion in arrest of judgment before it was decided by the court, contending counsel advised him that he would be sent to prison if he did not withdraw it. A review of the sentencing hearing transcript does not reveal the circumstances surrounding

the withdrawal of the motion, and while defense counsel was asked to confirm its withdrawal, Freitag was not. The record is not adequate for us to consider this claim. Therefore, we preserve this claim for a possible postconviction-relief proceeding to allow further development of the record.

Freitag also claims the court failed to inform him of the need to complete the batterer's education program during the plea hearing, so consequently counsel was ineffective for failing to act on this insufficient plea colloquy. In order to ensure a guilty plea is voluntarily and intelligently made in indictable cases, the court must articulate the consequences of the plea to the defendant. *See* Iowa Rs. Crim. P. 2.1(1), 2.8(2)(b).

However, Freitag was facing the requirement to complete batterer's education for the simple misdemeanor domestic-assault charge pursuant to Iowa Code section 708.2A(10) (2017), which provides "the court shall order a person convicted under subsection 2 or 3 to participate in a batterers' treatment program as required under section 708.2B." Simple misdemeanors are not subject to rule 2.8(2)(b). The written guilty plea together with Freitag's response of "guilty" when the court asked him his plea to count two were adequate for the court to accept the plea to the simple misdemeanor charge. No further colloquy was required. *Compare* Iowa R. Crim. P. 2.63, *with* Iowa R. Crim. P. 2.8(2)(b); *see generally State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) (noting "counsel has no duty to raise issues that have no merit," so counsel cannot be found to be ineffective if the defendant's underlying claims lack validity). Consequently, Freitag's claim on this issue fails.

Finally, in his brief on appeal, Freitag argues his understanding of the plea agreement was that the State would recommend that any incarceration sentence would be suspended and the no-contact order be terminated. He contends that his defense counsel was ineffective for not requiring the State to abide by its promised recommendations identified in the plea agreement.

A review of the record finds that in Freitag's written guilty plea for count one, the State's recommendation would be consistent with the presentence investigation report's recommendation. Further, during the guilty plea colloquy, the court repeated the same was part of the agreement. The presentence investigator recommended that Freitag be sentenced to five years in the custody of the department of corrections for count one, thirty days in jail for count two, and that both sentences run concurrently with one another. The presentence investigator did not recommend that any term of incarceration be suspended. Consequently, the State's recommendation for incarceration was consistent with the presentence investigation report and the plea agreement. Counsel had no obligation to object to the State's compliance with the terms of the written guilty plea as confirmed during the court's colloquy. Freitag's claim on this issue fails.

At the time of sentencing, the court terminated the no-contact order. To the extent Freitag has argued the State's request to extend the no-contact order violated the plea agreement, he can show no prejudice, so this claim fails.

Therefore, we affirm Freitag's conviction but preserve one claim of ineffective assistance of counsel for possible postconviction-relief proceedings.

**AFFIRMED.**