# IN THE COURT OF APPEALS OF IOWA

No. 21-0957
Filed November 17, 2022

**SCOTT CHARLES MARINOVIC,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Pottawattamie County, James S. Heckerman, Judge.

Scott Marinovic appeals the denial of his application for post-conviction relief. **AFFIRMED.**

Guy K. Weinstein of Roth Weinstein, LLC, Omaha, Nebraska, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., Ahlers, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**DOYLE, Senior Judge.**

Scott Marinovic appeals the denial of his application for post-conviction relief (PCR). He contends he received ineffective assistance of counsel during the criminal proceedings that resulted in his second-degree-theft conviction and the probation-revocation proceedings that followed. He claims his counsel failed to properly investigate the theft charges, ensure he entered an intelligent guilty plea supported by a factual basis, research double-jeopardy and due-process concerns, and represent him effectively during the probation-revocation proceedings.

### I. Background Facts and Proceedings.

The State charged Marinovic with theft by taking after he drove away with a Jeep left running outside a business. Marinovic pled guilty to second-degree theft in exchange for the State's agreement not to pursue a habitual offender sentencing enhancement. The district court accepted Marinovic's plea and imposed the sentence the parties agreed on: a five-year suspended sentence with a two-year term of probation.

Less than three weeks later, the State alleged Marinovic violated the terms of his probation by failing to report to the intake appointment with his probation officer. Marinovic admitted the probation violation but contested the disposition. After a hearing, the district court imposed the original five-year sentence.

Marinovic applied for PCR, challenging the five-year sentence. He alleged his right to counsel was violated when he received deficient representation during the criminal and probation-revocation proceedings. The PCR court denied his PCR application after a hearing.

**II. Scope of Review.**

We generally review the denial of a PCR application for correction of errors at law. *See Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). We review claims of ineffective assistance of counsel and other claims of a constitutional nature de novo. *See id.* We give weight to the PCR court's findings but are not bound by them. *See id.*

**III. Ineffective Assistance of Counsel.**

To succeed on a claim of ineffective assistance of counsel, Marinovic must show his counsel failed to perform an essential duty and prejudice resulted. *See id.* We may affirm if he fails to prove either breach of duty or prejudice. *See id.* We presume counsel acted competently unless it is shown that counsel's performance fell below the normal range of competency. *See id.*

**A. Theft conviction.**

Marinovic first challenges his counsel's performance in representing him during the criminal proceedings on the theft charge. He complains his counsel failed to adequately investigate the merits of the theft charge or engage in discovery. But only pre-plea breaches affecting the voluntary and intelligent nature of the plea itself survive the guilty plea. *See State v. Carroll*, 767 N.W.2d 638, 644 (Iowa 2009).

On the question of the voluntary and intelligent nature of his plea, Marinovic complains counsel failed to explain the written guilty plea adequately. He complains that he did not read the document and only signed it because he wanted to get out of jail. In support of his claim, Marinovic notes that the plea agreement included three separate statements about his ability to pay for counsel; rather than

initialing the one that applied, Marinovic wrote his initials next to all three statements. But Marinovic never claims he would have insisted on going to trial if counsel had performed competently, so there is no showing of prejudice. *See id.* ("The burden to prove prejudice in this context will require the party seeking relief to prove a reasonable probability of a different outcome had the breach not occurred; i.e., that but for counsel's breach of duty, the party seeking relief would not have pled guilty and would have elected instead to stand trial.").

Marinovic also alleges his counsel breached a duty by allowing him to plead guilty to a charge when the record did not reveal a factual basis to support it. If counsel allows a defendant to plead guilty without a factual basis, counsel fails to perform an essential duty and prejudice is inherent. *State v. Perkins*, 875 N.W.2d 190, 193 (Iowa Ct. App. 2015). In determining whether there is a factual basis for a plea, we look at the entire record before the district court at the time of the guilty-plea hearing. *See id.* That record may include "statements made by the defendant, facts related by the prosecutor, the minutes of testimony, and the presentence report." *Id.* (citation omitted).

The State alleged that Marinovic committed second-degree theft by "[t]ak[ing] possession or control of the property of another . . . with *the intent to deprive the other thereof.*" Iowa Code § 714.1(1) (2020) (emphasis added); *accord State v. Clay*, 824 N.W.2d 488, 497 (Iowa 2012). An intent to *permanently* deprive the owner of the property is an essential element of theft under section 714.1(1). *State v. Schminkey*, 597 N.W.2d 785, 789 (Iowa 1999). Marinovic claims the record does not show he intended to permanently deprive the owner of the Jeep. "Because proof that the defendant acted with the specific purpose of depriving the

owner of his property requires a determination of what the defendant was thinking when an act was done, it is seldom capable of being established with direct evidence." *Id.* We may instead rely on the facts surrounding the act and any reasonable inferences drawn from them to determine a defendant's intent. *See id.*

The record at the time of the plea hearing show Marinovic intended to permanently deprive the owner of the Jeep. Marinovic took the Jeep after the owner left it running outside a restaurant in Council Bluffs; he was driving it two days later during a traffic stop in Omaha. Both how long Marinovic had the Jeep and how far he drove it shows an intent to permanently deprive. *Compare id.* at 790-91 (concluding no factual basis showed the defendant intended to permanently deprive the owner of the vehicle because the defendant crashed it only hours later just seven or eight miles from where it was taken), *with State v. McCarty*, No. 02-1033, 2004 WL 894553, at *4-5 (Iowa App. Apr. 28, 2004) (concluding there was substantial evidence the defendant intended to permanently deprive owner of a vehicle recovered several days after the theft in a town about two hours away). Because a sufficient factual basis exists for Marinovic's plea, counsel was not ineffective.

**B. Probation revocation.**

Marinovic contends his counsel provided ineffective assistance before and during the probation revocation. He alleges that if counsel had acted competently, Marinovic would have accepted a plea deal for a 180-day sentence. Instead, he claims counsel engaged in an unreasonable strategy of admitting the probation violation but contesting the disposition. As a result, the court reinstated the five-year sentence.

Again, Marinovic has not shown prejudice. There is no showing that Marinovic would have received a 180-day sentence as he claims. The prosecutor testified that she told Marinovic that she would not agree to less than 180-days, "that there would be either prison or possibly 180 days but that we were never in a place where that came to an agreement." The prosecutor could only speculate when asked if she would have accepted a 180-day sentence on the contempt charge, but her answer casts doubt:

> I will tell you it's difficult to say now, and this is why. As we were trying to work on this, Mr. Marinovic could have had the option at drug court . . . .
> But given his behavior on probation and even at the end of our hearing, . . . he's not a person who comes across in a way to encourage leniency.
> I don't know if I would agree to the 180 days because we had already done it before, and then he comes back with the same behavior on a subsequent probation case, and it had only been a few years difference.
> So I don't know. I feel like, because we never got there, I can't positively say, I mean, and quite frankly, had, you know, there been discussions that never happened, who's to say?
> I mean, we've had some people who have gone out of their way to be apologetic, get themselves back in treatment, I mean, things that they're not doing on probation to kind of basically beg for another chance or, you know, to ask for some leniency, and that was just not the dynamic here.

Moreover, both the prosecutor and Marinovic's counsel testified that Marinovic refused to accept a sentence of more than 150-days incarceration.

**C. Substantive due process and double jeopardy.**

A Nebraska criminal complaint charged that Marinovic "did unlawfully receive, retain, or dispose of stolen movable property of [the owner of the Jeep], knowing or believing it has been stolen, without the intent to return it to the owner." Marinovic pled no contest and was sentenced to sixty days in jail. Some months

later Iowa charged him with theft of the Jeep. Marinovic contends his Iowa conviction violated his right to substantive due process and double-jeopardy protections[1] because he was previously charged with and convicted of theft by receiving stolen property in Nebraska.

It is established that one act can be charged as a crime and punished by two different states, without regard to which state made it to the courthouse first:

> When assessing jurisdiction in criminal matters, courts are governed by the concept of dual sovereignty. Under that doctrine, even if we assume the elements of first-degree murder in Missouri are identical to those of the charge of murder that could have been brought against Bradley in Iowa, each state was free to prosecute the crime without regard to the other. *See Heath v. Alabama*, 474 U.S. 82, 88, 106 S.Ct. 433, 437, 88 L.Ed.2d 387, 394 (1985). In defining its own criminal code, each state exercises its own sovereignty when determining what acts will constitute "an offense against its peace and dignity . . . ." *Id.* at 89, 106 S.Ct. at 437–38, 88 L.Ed.2d at 394–95. Therefore, a single act delineated a crime by two different states is an offense against each, and may be punished by both. *Id.*
>
> > Enforcing its own criminal laws is a primary function of a state's sovereignty:
> >
> > > To deny a State its power to enforce its criminal laws because another State has won the race to the courthouse "would be a shocking and untoward deprivation of the historic right and obligation of the States to maintain peace and order within their confines." *Bartkus [v. People of State of Ill.]*, 359 U.S. [121], at 137, 79 S.Ct. [676], at 685[, 3 L.Ed.2d 684] (1959).

*State v. Bradley*, 637 N.W.2d 206, 215-16 (Iowa Ct. App. 2001) (quoting *Heath*, 474 U.S. at 93), *overruled on other grounds by State v. Jenkins*, 788 N.W.2d 640 (Iowa 2010). *See also State v. Wemett*, No.11-1736, 2013 WL 105346, at *1-2 (Iowa Ct. App. Jan. 9, 2013), *further review denied* (Mar. 15, 2013). Under the

---

[1] Marinovic fails to cite either the state or federal constitution in support of his claim.

holding of *Heath* and the principles of dual sovereignty, Nebraska's prosecution would not have barred Iowa's prosecution of Marinovic for theft of the Jeep.

Because there is no merit to Marinovic's claim, counsel was not ineffective by failing to raise the issue. *See State v. Halverson*, 857 N.W.2d 632, 635 (Iowa 2015) ("Counsel, of course, does not provide ineffective assistance if the underlying claim is meritless.").

**AFFIRMED.**