# IN THE COURT OF APPEALS OF IOWA

No. 23-0479
Filed January 10, 2024

**JOSEPH NICHOLAS ITANI,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

 Appeal from the Iowa District Court for Polk County, David Porter, Judge.

 Joseph Nicholas Itani appeals the denial of his application for postconviction relief. **AFFIRMED.**

 Francis Hurley, Des Moines, for appellant.

 Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee State.

 Considered by Tabor, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Joseph Itani appeals the denial of his application for postconviction relief (PCR) after he pled guilty to enticing a minor under the age of sixteen with a sexual purpose. On appeal, he contends his trial counsel provided ineffective assistance by allowing him to plead guilty without a factual basis and failing to advise him of an available defense. Because we find Itani failed to establish his trial counsel was ineffective, we affirm the denial of his PCR application.

## I.    *Background Facts and Proceedings.*

In December 2018, twenty-year-old Itani received a Facebook message from an unknown user. After exchanging messages, Itani discovered that the user was P.D., his fourteen-year-old female cousin. Itani was adopted, and P.D. reached out to him while researching her maternal family.

A week later, the conversation turned sexual. Itani confirmed P.D.'s age as fourteen and then asked her if she had sex before. He then shared that he was "sex addicted" and asked her, "Would it be weird if we fucked[?]" The next day, he sent P.D. a message to see where she was and asked if they could get together. When she suggested a location, he responded back, "How would we sneak off or where would it happen I'm so hard" and "Where would I sleep lol, In your pussy, Hopefully it's good enough and tight." By the third day, he started to worry about getting caught and asked P.D. if she is sure "fucking is good or possible." She answered yes. The same day, he visited P.D.'s home to see her. No sexual contact occurred because she had friends over.

In early January, Itani told P.D. that he wanted to "come out and hang" and worried she was no longer interested in him. He asked if she had any friends

because he would "love a 3 way" and wondered, "Would I come stay the night and u go to bed in your room, And then we sneak or?" He also asked P.D. for reassurance because he was concerned again about criminal liability. He expressed his fear, stating, "I know there's someone getting [charged] for the same thing I wanna do" and "I don't wanna get caught." When P.D. attempted to ease Itani's mind, he said they were bound to be discovered because "[P.D.] will be screaming on my cock."

After the conversations occurred, Facebook provided the messages to law enforcement. The police investigated and eventually Itani was charged with enticing a minor under the age of sixteen with a sexual purpose. In July 2019, Itani pled guilty as charged. Before the district court accepted his plea, it determined that Itani was giving his intelligent and voluntary consent. When questioned, Itani confessed, "I did try to contact P.D. for sexual intervention" but that no actual sexual contact ever occurred. The district court accepted his guilty plea. In October, Itani was sentenced to a suspended prison sentence of five years and placed on probation.

In December 2020, Itani stipulated to violating probation because he was arrested on new charges. The court revoked his probation and ordered Itani to serve his initial sentence. On November 22, 2021, Itani applied for PCR. When Itani testified at the PCR hearing, he claimed his trial attorney provided ineffective assistance. After trial, the PCR court denied his application, and Itani appealed.

## II.    Review.

We generally review the denial of a PCR application for correction of errors at law. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). But because

ineffective-assistance-of-counsel claims raise constitutional issues, our review is de novo. *Id.* While we are not bound by them, we do "give weight to the lower court's findings concerning witness credibility." *Id.* (citation omitted).

### III. Ineffective Assistance of Counsel.

Itani challenges the denial of his PCR application on the basis of ineffective assistance of counsel. "To prevail on an ineffective assistance of counsel claim, the [applicant] must satisfy the two-prong test by proving that his trial counsel failed to perform an essential duty and prejudice resulted." *State v. Majors*, 940 N.W.2d 372, 391 (Iowa 2020) (citation omitted) (describing the two-prong test for ineffective assistance of counsel set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). We may affirm if Itani fails to establish either breach of duty or prejudice. *Sothman*, 967 N.W.2d at 522. With regard to the first prong, we presume counsel performed competently unless proven otherwise by a preponderance of evidence, measured objectively against the prevailing professional norms. *Majors*, 940 N.W.2d at 391. Under the second prong, Itani must establish the breach of duty "actually had an adverse effect on the defense." *Sothman*, 967 N.W.2d at 523 (citation omitted).

Itani was charged with enticing a minor under the age of sixteen with a sexual purpose. A person is guilty of this offense "when, without authority and with the intent to commit an illegal sex act upon or sexual exploitation of a minor under the age of sixteen, the person entices or attempts to entice" a minor victim. *See* Iowa Code § 710.10(2) (2018). Our focus is on the defendant's actions because to be found guilty, they must commit "an overt act evidencing a purpose to entice." *State v. Ball*, No. 17-1332, 2018 WL 3471604, at *4 (Iowa Ct. App. Jul. 18, 2018);

*see also* Iowa Code § 710.10(5) ("A person shall not be convicted of a violation of this section unless the person commits an overt act evidencing a purpose to entice."). While attempted enticement is not expressly defined in the Code, we view it similarly to an attempted crime, which requires both an "intent to commit the crime" and "slight acts in furtherance of the crime that render voluntary termination improbable." *Ball*, 2018 WL 3471694, at *5 (quoting *State v. Walker*, 856 N.W.2d 179, 187 (Iowa 2014)). Itani contends his counsel was ineffective for two reasons: (1) allowing him to plead guilty to a charge lacking an overt act and therefore not supported by a factual basis and (2) failing to advise him of the overt-act defense. Though similar, we consider each argument separately.

*A. Factual Basis Supporting Conviction.*

Itani first challenges his counsel allowing him to plead guilty without factual basis. "It is a responsibility of defense counsel to ensure that a client does not plead guilty to a charge for which there is no objective factual basis." *State v. Finney*, 834 N.W.2d 46, 54 (Iowa 2013). When there is no factual basis for a plea, prejudice is likewise "inherent." *State v. Perkins*, 875 N.W.2d 190, 193 (Iowa Ct. App. 2015) (citation omitted). "Establishing a factual basis requires the defendant 'to acknowledge facts that are consistent with the elements of the crime.'" *Id.* (quoting *Rhoades v. State*, 848 N.W.2d 22, 30 (Iowa 2014)). To determine if a factual basis exists, we consider the entire record available to the district court at the time of the plea hearing, including "statements made by the defendant, facts related by the prosecutor, the minutes of testimony, and the presentence report." *Id.* (citation omitted).

Specifically, Itani claims no factual basis exists for the guilty plea because no overt act occurred. He contrasts his circumstances with that of the defendant in *Ball*, where the defendant's behavior was more extreme. 2018 WL 3471604, at *1–2 (describing the defendant watching pornography and masturbating in front of minor victim and bribing her with alcohol). But this level of obviousness is not the standard we use; instead, we only require a "slight act in furtherance of enticement with the needed intent." *Id.* at *5. Based on that standard, we find there is sufficient factual basis for the guilty plea. There is overwhelming evidence of Itani's intent and multiple "slight acts." *See id.* Itani engaged in several sexual conversations with his fourteen-year-old cousin, in which he conveyed his desire to have sex with her. Further, while no sexual contact ever actually occurred, Itani admitted that he was trying to meet up with P.D. for the purpose of having sex. He also asked her for logistics on their meeting, from selecting a location to discussing how they would avoid detection. He even made the extra effort to visit her home, and afterwards, he expressed his frustrations that the two "weren't able to do anything." Because a factual basis exists for the guilty plea, we find no breach of duty by Itani's counsel on this claim.

*B. Overt-Act Defense.*

Finally, Itani claims his trial counsel failed to advise him of an available defense, specifically that no overt act occurred. His argument is essentially a restatement of his previous one. Because we have already determined an overt act occurred, we find no breach of duty by his counsel. *See State v. Tompkins*, 859 N.W.2d 631, 637 (Iowa 2015) (finding "no such duty when the suggested course would have been meritless"). We therefore do not need to consider the

prejudice prong. *See Majors*, 940 N.W.2d at 391 ("A defendant's inability to prove either element [of the two-prong test] is fatal." (quoting *State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003))). We therefore affirm the dismissal of his PCR application.

### IV. Disposition.

Because there was a factual basis for the guilty plea and there was no merit to an overt-act defense, we find Itani failed to establish his trial counsel provided ineffective assistance and affirm the denial of his PCR application.

**AFFIRMED.**