**POLK COUNTY, Iowa, Appellee,**

v.

**Harrison Shaw DAVIS, Appellant.**

No. 93–178.

Court of Appeals of Iowa.

Oct. 25, 1994.

Harrison Shaw Davis, pro se.

John P. Sarcone, County Atty., and Mary W. Vavroch, Asst. County Atty., for appellee.

Heard by DONIELSON, C.J., HUITINK, J., and PERKINS, Senior Judge.*

PER CURIAM.

This is an appeal from the entry of an order for removal in a forcible entry and detainer ("FED") action and the defendant's subsequent motion for a new trial. Defendant Harrison Shaw Davis failed to pay real estate taxes for the years 1984–1986 on his Polk County property, and it was sold to the County at a tax sale on June 20, 1988. In March 1991 notices to redeem from the tax sale were served on Davis, but he failed to redeem the property within the ninety-day redemption period. On September 5, 1991, Davis quitclaimed his interest in the property

---

* Senior judge from the 5th judicial district serving on this court by order of the Iowa Supreme Court.

to Safe Loan, Inc., an entity incorporated by Davis on August 30, 1991.

Tax deeds were issued to the County in May 1992. In October 1992 the County initiated proceedings to remove Davis from the property by issuing a three-day notice to quit pursuant to Iowa Code section 648.3. When Davis did not vacate the premises, the County filed an FED petition. The petition was served upon Davis, and a hearing was scheduled for December 23, 1992. Davis filed an appearance and answer the day before the hearing. In his answer he admitted having been personally served with the notice to quit and with having failed to personally vacate and surrender the premises at issue. In his answer Davis argued the County's petition should be dismissed as it had been improperly filed and served against him personally rather than against the corporate entity.

Davis failed to appear for the hearing on December 23, and an order was entered for his removal from the premises. The record indicates Davis was not served with a copy of the court's December 23 order and did not learn of it until he was served with a writ of removal on approximately January 6, 1993. On January 7, 1993, Davis filed a motion seeking an extension of time to file a motion for a new trial. On January 14 he filed a motion for a new trial. In his motions for an extension of time and for a new trial Davis asserted he had a credible defense due to the purportedly improper service of the petition, and he also alleged constitutional issues not raised in his prior appearance and answer.

At the hearing on these motions the trial court noted Davis had not been served with a copy of the court's order of December 23 and indicated that omission might constitute an equitable ground upon which to grant his motion for a new trial. However, the court expressed concern about whether it had jurisdiction over the motion since it had been filed more than ten days after entry of the court's December 23 order. Assuming, without deciding, it had jurisdiction over the motion to extend time, the court granted it but

denied the motion for a new trial. Davis filed a notice of appeal on January 25, 1993.

### I. Motion to Strike Reply Brief.

During the course of the appellate proceedings the County filed a motion to strike Davis's reply brief. The motion also included a request to dismiss the appeal for lack of prosecution. On February 22, 1994, the supreme court denied the request to dismiss and ordered the motion to strike the reply brief be submitted with the appeal.

▇▇▇▇ The motion to strike is predicated on the fact Davis has raised issues in his reply brief which were not raised in his brief on appeal. An issue cannot be asserted for the first time in a reply brief. *Young v. Gregg*, 480 N.W.2d 75, 78 (Iowa 1992). Substantial departures from appellate procedures cannot be permitted on the basis that a lay person is handling his own appeal. *Simmons v. Brenton Nat'l Bank of Perry*, 390 N.W.2d 143, 145 (Iowa App.1986). If lay persons choose to proceed pro se, they do so at their own risk. *See Metropolitan Jacobson Dev. Venture v. Bd. of Review of Des Moines*, 476 N.W.2d 726, 720 (Iowa App. 1991).

A review of the supreme court docket reveals Davis was allowed numerous extensions of time for the filing of his appeal brief. He had ample opportunity to identify the issues he wished to have addressed on appeal and to include them in his brief. We will not consider new issues raised in his reply brief and grant the County's motion to strike to the extent new issues are contained therein.

### II. Appeal from December 23, 1992, FED Order.

Davis timely appealed the trial court's December 23, 1992, order.[1] This matter was tried in equity, and our review is de novo. Iowa R.App.P. 4.

▇▇▇▇ The trial court found the County was entitled to immediate possession of the property and ordered the issuance of writ for Davis's removal. Prior to the hearing Davis had filed an appearance and answer which

---

1. Davis's notice of appeal from the FED order is timely in light of the 1993 amendment to Iowa

Code section 4.1(34) and its retroactive application. 1993 Iowa Legis.Serv. 8 (West).

raised only the defense of improper service. He argues since he had conveyed his interest in the real estate to his corporation, the corporate entity was the proper party for service of the FED petition.

The summary remedy for forcible entry or detention is available "[w]hen the defendant or defendants remain in possession after the issuance of a valid tax deed". Iowa Code § 648.1(6) (1993). This provision applies to parties who are in possession of real property and is not limited to those who hold title to the property. It was undisputed Davis was in possession of the property, and the use of an FED action was a proper means by which the County could terminate his possession and compel him to surrender the premises. We are aware of no statutory or case law authority which would have required service on Davis's corporation, and we see no basis for imposing such a requirement under the facts of this case. The trial court's order of December 23, 1992, is affirmed.

### III. *Motions to Extend Time and for New Trial.*

█ Pursuant to Iowa Rule of Civil Procedure 247 a motion for a new trial must be filed within ten days after the verdict, report, or decision is filed. Any motion for an extension of time must be filed before the expiration of the time period for filing the motion. *See State ex rel. Miller v. Santa Rosa Sales and Mktg., Inc.,* 475 N.W.2d 210, 213–14 (Iowa 1991) (construing Iowa R.Civ.P. 247 as it applies to Iowa R.Civ.P. 179(b)); *see also Rudolph v. Iowa Methodist Medical Ctr.,* 293 N.W.2d 550, 554 (Iowa 1980) (any request for extension of time to file posttrial motions must be granted before expiration of ten-day period).

The district court clerk appears to have erred in not serving Davis with a copy of the December 23, 1992, order. Iowa R.Civ.P. 82(f). However, Davis's posttrial motions specifically sought a new trial pursuant to rule 244, not rule 252(a), and he is bound by the ten-day time constraint of that rule. Davis's motions for an extension of time and new trial were untimely, and the trial court erred in granting the motion to extend and considering the motion for a new trial. We

reverse the trial court's grant of an extension of time and affirm its denial of Davis's request for a new trial.

We have considered all other arguments properly raised by Davis and determine they are adequately addressed by our opinion or are without merit.

**AFFIRMED IN PART, REVERSED IN PART.**