# IN THE COURT OF APPEALS OF IOWA

No. 14-2101
Filed October 12, 2016

**WENDELL K. HARRINGTON,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

 Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

 Wendell Harrington appeals from the denial of his application for postconviction relief. **AFFIRMED.**

 Christine E. Branstad of Branstad Law, P.L.L.C., Des Moines, for appellant.

 Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.

 Considered by Danilson, C.J., and Mullins and Bower, JJ.

**DANILSON, Chief Judge.**

Wendell Harrington appeals from the denial of his application for postconviction relief (PCR). Harrington asserts his original trial counsel (trial counsel) and his counsel in the plea proceedings on remand (remand counsel) rendered ineffective assistance. Harrington also asserts PCR counsel was ineffective in this second PCR application in failing to enter necessary evidence into the record and failing to raise potential claims. Because we find no ineffective assistance by trial counsel, remand counsel, or PCR counsel, we affirm.

**I. Background Facts and Proceedings.**

This matter arose when Harrington was charged on February 21, 2003, with five counts[1] resulting from burglaries and vehicle thefts occurring in a residential area of Des Moines. In their efforts to obtain evidence against Harrington for these crimes, officers executed a search warrant on a home they believed to be Harrington's primary residence.

After a jury trial held May 5 and 6, 2003, Harrington was found guilty on all counts charged and sentenced to a total indeterminate term of thirty years. However, those convictions were challenged on appeal, and the case was reversed and remanded for new trial. Prior to the retrial, which was scheduled for August 8, 2005, Harrington filed a pro se motion to suppress evidence

---

[1] Harrington was charged with ongoing criminal conduct, in violation of Iowa Code sections 706A.2(1)(d) and 902.8 (2003); second-degree theft, in violation of Iowa Code sections 714.1(4) and 714.2(2); two counts of third-degree burglary, in violation of Iowa Code sections 713.1 and 713.6A; and second-degree burglary, in violation of Iowa Code sections 713.1 and 713.5(2). Harrington was charged as a habitual offender with respect to the ongoing-criminal-conduct charge and one of the third-degree burglary charges.

obtained as a result of a search warrant, claiming the search warrant contained misleading statements. At an August 4, 2005 pretrial conference, Harrington's remand counsel expressed his intent to argue the motion. Remand counsel also explained he would not be prepared for trial on August 8 and noted the court would need to make a determination as to good cause for waiving speedy trial.[2]

The court found good cause existed to waive speedy trial and continue the trial date due to remand counsel's need to prepare, Harrington's failed plea negotiations, and Harrington's desire to have his pro se pretrial motions addressed. On August 8, 2005, Harrington filed a pro se motion to dismiss due to the speedy-trial violation.

On September 2, 2005, before the pretrial motions were heard, Harrington pled guilty to one count of second-degree theft and one count of third-degree burglary. The State agreed to dismiss the remaining charges. As part of the plea agreement, Harrington was sentenced to consecutive sentences for a total indeterminate sentence of ten years, with the sentences suspended, and Harrington was placed on probation for two years. Shortly after the sentence was imposed, however, Harrington violated the terms of his probation and his probation was revoked.

Harrington filed his first PCR application on June 8, 2006, contending remand counsel was ineffective for failing to request dismissal of the case due to the speedy-trial violation. The PCR court found Harrington had not preserved error by failing to file a motion in arrest of judgment and had waived the speedy-

---

[2] Remand counsel failed to assert at the time of the August 4 pretrial conference there was already a speedy-trial violation.

trial claim by pleading guilty. Harrington's appeal from the dismissal of his PCR application was dismissed as frivolous by our supreme court.

Harrington filed this PCR action on June 11, 2012,[3] asserting the first PCR counsel was ineffective in failing to assert a claim based on remand counsel's failure to argue for suppression of evidence obtained utilizing a search warrant that contained misrepresentations. The second PCR court dismissed Harrington's application in a July 24, 2014 order. Harrington filed a motion to enlarge on August 8, 2014, which was denied.

Harrington now appeals claiming trial counsel[4] and remand counsel were ineffective based on the failure to seek a *Franks*[5] hearing to suppress evidence obtained from the search warrant.[6] Harrington also asserts on appeal PCR counsel was ineffective in failing to obtain testimony from remand counsel to support the *Franks*-challenge ineffectiveness claim and in failing to bring a claim based on remand counsel's failure to request dismissal of the case due to the speedy-trial violation. Harrington contends remand counsel and PCR counsel's

---

[3] Harrington relies on *State v. Carroll*, 767 N.W.2d 638 (Iowa 2009), to circumvent the three-year statute of limitations as provided in Iowa Code section 822.3. Harrington argues *Carroll* constitutes a new ground of law allowing him to raise the claims asserted in this PCR action within three years of the *Carroll* decision. *Carroll* allows a defendant to challenge a guilty plea on the basis the plea was not voluntary or intelligent due to incompetent advice received from counsel, despite the general rule that a defendant's guilty plea waives all defenses and objections not intrinsic to the plea. *Carroll*, 767 N.W.2d at 641-42.

[4] Because remand counsel had the opportunity to argue the claims raised by Harrington, Harrington cannot establish prejudice as to trial counsel, and consequently, trial counsel cannot be found to have rendered ineffective assistance. *See State v. Stephen*, No. 10-0286, 2011 WL 5393453, at * 9 (Iowa Ct. App. Nov. 9, 2011) ("Because [original trial counsel] was granted permission to withdraw, and any and all of these matters could have been conducted by subsequently appointed counsel, [the defendant] cannot establish prejudice with regard to his [ineffective-assistance] claims against [original trial counsel].").

[5] *See Franks v. Delaware*, 438 U.S. 154 (1978).

[6] This appeal was delayed by extensions requested by both parties.

ineffective assistance rose to the level of structural error.  Harrington argues the PCR court erred in determining trial counsel and remand counsel were not ineffective and requests limited remand to the PCR court to rectify PCR counsel's ineffective assistance.[7]

The State contends that pursuant to Iowa Code sections 822.3 and 822.8, Harrington has waived any allegations as to a speedy-trial violation because that issue was not raised in the second PCR application.  Regardless of any waiver determination, we can resolve Harrington's claims on the merits.[8]

**II. Standard of Review.**

Generally, we review postconviction relief proceedings for correction of errors at law.  *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).  "However, when the applicant asserts claims of a constitutional nature, our review is de novo.  Thus, we review claims of ineffective assistance of counsel de novo."  *Id.* (citation omitted).

---

[7] We note Harrington has filed a pro se reply brief on appeal.  However, "[a]n issue cannot be asserted for the first time in a reply brief."  *Polk Cty. v. Davis*, 525 N.W.2d 434, 435 (Iowa 1994); *see also State v. Olsen*, 794 N.W.2d 285, 287 n.1 (Iowa 2011) ("Because [the appellant] failed to raise this issue in his original brief, the issue is not preserved for our review.").  Thus, we will not consider issues asserted in the reply brief that were not raised first in the brief on appeal.

[8] Harrington also contends on appeal both trial counsel and remand counsel were ineffective in failing to file a motion to suppress because the search warrant in question was not supported by probable cause.  This issue was not raised in Harrington's PCR application or in the motions to enlarge, and it was never ruled on by the PCR court.  We therefore will not consider the probable cause argument on appeal.  *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

**III. Analysis.**

"To prevail on a claim of ineffective assistance of counsel, a claimant must satisfy the *Strickland*[9] test by showing '(1) counsel failed to perform an essential duty; and (2) prejudice resulted.'" *State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012) (internal citation omitted). Harrington must show both elements to establish ineffective-assistance, and we may reject the claim if Harrington has failed to prove either prong. *See id.*

*A. Ineffective Assistance.* As already stated, in order to successfully establish an ineffective-assistance claim, Harrington must show by a preponderance of the evidence "counsel failed to perform an essential duty." *Id.* In other words, Harrington must show counsel made "such serious errors that he or she was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* (citations omitted).

Harrington's ineffective-assistance claims all revolve around the two issues raised concerning his motion to suppress evidence from the search warrant premised upon a *Franks* challenge and motion to dismiss for speedy-trial violation. Because both of these arguments are meritless, Harrington cannot show any counsel in these proceedings were ineffective in failing to pursue them.

*1. Motion to Suppress.* First, Harrington has not shown the *Franks* challenge would have been successful.

> We use the *Franks* standard when a defendant challenges the veracity of a search warrant application. *See Franks v. Delaware*, 438 U.S. 154 (1978). In a *Franks* hearing, the court determines "whether the affiant was purposefully untruthful with regard to a material fact in his application for the warrant, or acted with

---

[9] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

> reckless disregard for the truth." *State v. Niehaus*, 452 N.W.2d 184, 186 (Iowa 1990). If the affiant consciously falsified information, or recklessly disregarded the truth in the application, the offending material must be excised when considering whether probable cause existed to obtain he warrant. *Id.* at 186-87.

*State v. Pate*, No. 11-0971, 2012 WL 3860450, at *6 (Iowa Ct. App. Sep. 6, 2012).

Harrington contends the statements in the search warrant application—asserting the residence subject to the request was "the primary residence of Wendell Harrington," and that Harrington was "observed leaving [the] residence . . . by Officer Schinkel and Little"—were purposefully untruthful. Harrington essentially claims the officers did not have sufficient knowledge the residence was his primary residence and included the statements in the search warrant application nonetheless.

In deposition, the detective who applied for the search warrant explained he believed the residence was Harrington's primary residence because the stolen vehicle—which Harrington was later caught driving a short distance from the residence—was observed parked outside the home. The detective also stated he had intelligence information from other officers or informants to support the finding that Harrington resided in the home. We agree with the PCR court that the statements contained in the search warrant were "not a violation of the *Franks* standard because [they were] not deliberately false or a reckless disregard for the truth." Thus, remand counsel was not ineffective in failing to more thoroughly investigate or pursue the motion to suppress based on a *Franks*

challenge, and PCR counsel was not ineffective in failing to present additional evidence related to this claim.[10]

      *2. Motion to Dismiss.* Harrington also contends his speedy-trial rights were violated and, thus, his plea was neither voluntarily nor intelligently entered. He asserts his counsel in the instant PCR action was ineffective because counsel did not address this issue by presenting evidence or argument and did not obtain a ruling on the issue by the PCR court. Harrington seeks a limited remand to present evidence and to obtain a ruling because otherwise such a claim will be time-barred.

We acknowledge our supreme court's decision in *Carroll*, 767 N.W.2d at 643-44, wherein the court concluded claims of ineffective assistance of counsel arising from a failure to investigate or failure to file a meritorious pretrial motion survive the entry of a guilty plea. *Carroll* explains that if counsel does not provide competent advice leading up to the entry of the guilty plea, the guilty plea is involuntary and unintelligent.

Our supreme court has also stated that counsel must "ensure that the State abides by the time restrictions established by Iowa Rule of Criminal Procedure 2.33." *State v. Utter*, 803 N.W.2d 647, 653 (Iowa 2011).[11] "Counsel's failure to do so amounts to a failure to perform an essential duty." *Id.*

---

[10] We also note even if the *Franks* challenge was successful and evidence obtained from the search warrant was suppressed, the remaining evidence may still have supported Harrington's convictions for second-degree theft and third-degree burglary. Harrington was stopped driving a stolen vehicle and stated at the sentencing hearing he obtained the keys to the stolen vehicle from inside the residence he admitted to entering without permission.

[11] Iowa Rule of Criminal Procedure 2.33(2)(b) provides,

      If a defendant indicted for a public offense has not waived the defendant's right to a speedy trial the defendant must be brought to trial within 90

Unlike in *Carroll*, here a pretrial motion to dismiss for violation of Harrington's speedy trial rights was filed prior to the entry of the guilty plea, albeit by the defendant. The record also reflects that remand counsel filed a motion, on June 30, 2005, with Harrington's motion to suppress attached, requesting a hearing on Harrington's motions. Remand counsel also expressed his willingness to argue Harrington's motions on his behalf in a pretrial hearing. We acknowledge the motion to dismiss was subsequently filed but clearly remand counsel was willing to argue any of Harrington's motions.

We also note at the outset of the guilty plea proceeding, remand counsel specifically brought to Harrington's attention his pretrial motions including his motion to dismiss due to a speedy-trial violation and the effect of Harrington's guilty plea on his pretrial motions:

> And, Wendell, you know that in order to go forward with this in any guilty plea you have to give up certain rights. This morning you are going to give up the right to a speedy trial and many other rights. But what's important to note right now is that you may have some merit, most particularly, I think to the speedy trial violation, but you are willing to give up the right to litigate that speedy trial violation in order to take the benefit of this plea bargain which the government has offered and which you have accepted; is that correct?

To this question, Harrington answered, "That would be correct." Remand counsel then asked Harrington, "Moreover, you are willing to give up the opportunity to litigate any and all motions which you have filed [in] reference [to] this case which have yet to be ruled upon; is that correct?" Harrington answered, "That's also correct."

---

days after the indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown.

The court then revisited the issue during the plea colloquy:

> And your attorney, I think, covered in good detail the fact that any of the pending motions that you have filed will never be ruled upon if your pleas are accepted. Any possible defenses that you might have had will never be presented if these pleas are accepted. Do you understand?

Harrington responded, "Yes, sir, Your Honor, yes, sir."

These facts are quite different than the facts in *Carroll*. In *Carroll*, the defendant entered a guilty plea not knowing a successful motion to suppress could have been filed. *Carroll*, 767 N.W.2d at 640. Here, Harrington knew of his right to a speedy trial and even filed his own motion to dismiss. He knew his remand attorney would argue his motions. He was also informed before his plea colloquy of his attorney's opinion that the motion to dismiss "may have some merit." Notwithstanding this knowledge, Harrington chose to enter his pleas of guilty.

When the efforts to accept Harrington's pleas failed at the August 4, 2005 hearing, remand counsel indicated that he would not be prepared to proceed to trial on the August 8, 2005 trial date. Remand counsel asked the court to determine if there was good cause to set a later trial date as Harrington demanded his right to speedy trial. The district court granted the continuance of the trial, finding good cause because the parties had been attempting to negotiate a plea agreement rather than prepare for trial, but the negotiations had failed; there remained outstanding motions the defendant wanted the court to consider; the factual and legal issues presented were complex; and both counsel had scheduled vacations and would be unavailable for the scheduled trial date. In fact, due to Harrington's decision not to proceed with an expected plea

pursuant to an agreement on August 4, 2005, his attorney noted he would need ninety days to prepare for trial.

The principles related to a defendant's right to speedy trial and the good cause exception were recently recited in *State v. Taylor*, 881 N.W.2d 72, 76-78 (Iowa 2016), and need not be recited here. Suffice it to say, the State has the burden to show good cause, and there is a one-factor test: "the reason for the delay." *Id.* at 77.

"Negotiations between the prosecution, defense counsel and defendant toward obtaining a guilty plea may constitute good cause for delaying trial of defendants." *State v. LaMar*, 224 N.W.2d 252, 254 (Iowa 1974); *see also State v. Miller*, 637 N.W.2d 201, 204-05 (Iowa 2001) (noting resolution of a late-filed pending motion to suppress has been held to justify continuing a trial to a date outside the ninety-day deadline). Although the ninety days after the entry of the procedendo expired on July 27, 2005, clearly remand counsel would not have been prepared for trial for any date earlier than August 8 because he wasn't prepared for the August 8 trial date. Moreover, the plea negotiations were ongoing since at least mid-July, and did ultimately lead to Harrington's pleas being accepted.

The record does not support the contention Harrington's guilty plea was involuntarily or unintelligently entered due to counsel's failure to raise the *Franks* or speedy-trial-violation issues. Harrington was aware of his rights by filing his own pretrial motions and knew his attorney would argue the motions. His attorney informed him before tendering the pleas that, in his opinion, the motion to dismiss may have some merit. Notwithstanding this knowledge, Harrington

voluntarily chose to tender two pleas of guilty. "In order to show waiver, there must be a showing of 'an intentional relinquishment or abandonment of a known right or privilege.'" *Taylor*, 881 N.W.2d at 78 (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). Clearly, Harrington intentionally waived his right to be heard on his motion to dismiss, a known right despite his attorney's opinion that it may have merit.[12] Counsel did not breach any duty.

Even if we could find a breach of duty, Harrington suffered no prejudice because there was good cause to extend the trial date past the speedy-trial deadline. The parties had been in the midst of plea bargaining since the middle of July, and remand counsel had yet to prepare for trial as of August 4, 2005. Accordingly, trial counsel, remand counsel, and PCR counsel did not render ineffective assistance because they had no obligation to pursue meritless claims. *See State v. Scalise*, 660 N.W.2d 58, 62 (Iowa 2003) ("[C]ounsel is not incompetent for failing to pursue a meritless issue.").

*B. Structural Error.* Harrington also contends remand counsel and PCR counsel's ineffective assistance amounted to structural error. Structural error occurs when "(1) counsel is completely denied, actually or constructively, at a crucial stage of the proceeding; (2) where counsel does not place the prosecution's case against meaningful adversarial testing; or (3) where surrounding circumstances justify a presumption of ineffectiveness." *Lado v.*

---

[12] Although the terms of the plea agreement did not prohibit the State from filing other charges, Harrington may have believed the entry of the pleas would have foreclosed the filing of additional charges as the affidavit to the application of the search warrant states that Harrington admitted to committing over seventy residential burglaries.

*State*, 804 N.W.2d 248, 252 (Iowa 2011). In *Dockery v. State*, this court found structural error by PCR counsel had occurred where:

> [the PCR applicant's] case languished in the district court while the only ground for relief pursued by counsel—the motion to reconsider his sentence—was unrelated to the PCR proceeding. [The PCR applicant] was left to file his PCR application pro se, and counsel failed to amend or supplement the application in the face of the State's pursuit of dismissal on the grounds the applicant set forth insufficient facts.

No. 13-2067, 2016 WL 351251, at *4 (Iowa Ct. App. Jan. 27, 2016). Upon these facts, this court held the PCR applicant was denied meaningful representation in the PCR action. *Id.*

In this case, remand counsel was not obligated to file amended motions or argue the meritless issues raised in the pro se pretrial motions. Still, remand counsel stated his intent to argue the motions. Before the pretrial motions were heard, remand counsel negotiated a good plea agreement that counsel found to be acceptable and with which Harrington agreed. Remand counsel provided competent representation and did not exhibit the type of conduct categorized as structural error.

PCR counsel filed an amended PCR application, represented Harrington at the PCR trial, presented evidence in addition to Harrington's testimony in support of the PCR application, and argued all viable claims. PCR counsel's representation in this matter clearly also did not constitute structural error.

### IV. Conclusion.

Because we find trial counsel, remand counsel, and PCR counsel were not ineffective in their representation of Harrington, we affirm the PCR court's

dismissal of this second PCR action and determine limited remand is unwarranted in this matter.

**AFFIRMED.**