# IN THE COURT OF APPEALS OF IOWA

No. 18-0721
Filed January 9, 2020

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**DION JEREMIAH BANKS,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Patrick A. McElyea (motion to suppress) and Mark J. Smith (trial and sentencing), Judges.

The defendant appeals his convictions and sentences following a bench trial. **CONVICTIONS AFFIRMED, SENTENCES VACATED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender, (until withdrawal) and Mary K. Conroy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Greer, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**POTTERFIELD, Senior Judge.**

Dion Banks challenges his convictions and sentences following a bench trial. Banks maintains the district court applied the incorrect standard when deciding his motion for new trial based on the weight of the evidence, considered improper factors when deciding his sentence, and wrongly ordered him to pay any appellate attorney fees he incurred in the future (without the benefit of a hearing on his reasonable ability to pay). Additionally, in his supplemental pro se brief,[1] Banks raises a number of other issues.

## I. Background Facts and Proceedings.

On October 25, 2017, local police officers used a confidential source to complete a controlled buy of heroin from Banks. Relying in part on this buy, officers applied for and obtained a warrant to search Banks's person, vehicle, and home.

Officers executed the warrant a couple hours later, after Banks left the home in his vehicle. No drugs were found on Banks or in his car, but Banks had in his possession one of the two prerecorded $20 bills used in the controlled buy. Additionally, Banks made statements to officers that they would find drugs in his home and any drugs they found belonged to him—not the woman with whom he was staying. Officers recovered heroin cut with fentanyl, methamphetamine,

---

[1] Banks filed a supplemental pro se brief. We consider it as part of his appeal because the judgments and sentences in the underlying case were filed before July 1, 2019, when Iowa Code section 814.6A took effect. *See State v. Macke*, 933 N.W.2d 226, 236 (Iowa 2019) ("[W]e hold Iowa Code sections 814.6 and 814.7, as amended, do not apply to a direct appeal from a judgment and sentence entered before July 1, 2019."); *State v. Purk*, No. 18-0208, 2019 WL 5790875, at *7 n.8 (Iowa Ct. App. Nov. 6, 2019) (applying the reasoning of *Macke* and concluding section 814.6A "does not apply to this appeal, which was filed prior to July 1, 2019").

cocaine base, and marijuana from Banks's home.  They also located a digital scale, a number of small plastic bags, and items tying Banks to the home, such as mail addressed to him and his state-issued identification card.

Banks was charged with[2] four counts of possession with intent to deliver—one each for heroin, cocaine base, methamphetamine, and marijuana—and three counts of failure to affix a drug tax stamp.

Banks filed a motion to suppress the evidence recovered at his home, arguing the search warrant was based on an application that included allegations that were neither true nor accurate.

The State resisted the motion.  It noted that the affidavit supporting a search warrant has a presumption of validity and that, in order to get a hearing to challenge it, a defendant has to make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit.  To meet his burden, Banks was required to include an offer of proof supporting specific allegations of what in the warrant affidavit was false.  The State maintained Banks's failure to include an offer of proof for his conclusory assertion of falsehood prevented the need for a hearing on the motion.

At a hearing on a number of motions filed by Banks, Banks offered the warrant application as an exhibit.  Banks noted the application for the warrant stated the phone call made by the confidential source to set up the buy from Banks

---

[2] The initial trial information included eight charges; the State dismissed one charge and amended another after the Iowa Department of Criminal Investigations released their report verifying the types and quantities of drugs the officers had recovered.

was recorded; later, the State reported that no such recording existed. Additionally, Banks denied the controlled buy ever took place. In support of his stance, he was placed under oath at the hearing and testified he had never been directly involved with the delivery of heroin.

The court issued a ruling during the hearing and later filed a written ruling as well. It denied Banks's motion to suppress based on an allegation of false information contained in the affidavit supporting the application for the search warrant, finding

> [Banks's] offer of proof was merely a general denial of information contained in the search warrant affidavit and did not provide sufficient evidence to generate a *Franks*[3] question. [Banks's] offer of proof did not provide a substantial preliminary showing that the affidavit contained a false statement that was knowingly and intentionally made, or that the affiant acted with reckless disregard for the truth. The parties did agree there was a mistake contained in the affidavit regarding a recorded phone call. The court followed the *Franks* procedure and excised the word "recorded" from the affidavit. The court finds even after excising the word recorded there is still sufficient probable cause to support the issuance of the search warrant.

Banks waived his right to a jury, and a bench trial commenced in February 2018. The State called several witnesses, including police officers who executed the warrant, the criminalist who tested the recovered drugs, and a long-time Drug

---

[3] *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978) ("[W]e hold that, where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.").

Enforcement Agent who testified that the amounts and variety of the drugs found in Banks's residence was consistent with the drugs one would expect a dealer to possess as opposed to a person buying drugs for their own use. Banks cross-examined witnesses, but he did not otherwise present a defense.

The court found Banks guilty of each of the seven charges. In its written ruling, the court relied on the testimony of witnesses as to the weight and type of drugs found in Banks's home. The court determined the State proved Banks had the intent to deliver the narcotics based on "the lack of drug paraphernalia found at the residence, in the vehicle and on the person of [Banks] along with a digital scale" and the packaging materials found at the residence. Additionally, the court found credible the "testimony of the two agents who interviewed" Banks "in regard to [Banks's] admissions that the controlled substances found at the residence were his and not" the woman's.

Banks filed a motion for new trial, arguing the weight of the evidence was contrary to the verdicts, which the district court considered before pronouncing Banks's sentence. The court denied Banks's motion, stating:

> Based on the allegation in the motion for new trial, if there was—the weight of the credible evidence was insufficient to support the convictions, the court finds that as stated in the findings of fact, conclusions of law and judgment entry that the weight of the credible evidence is supportive of the court's findings in that regard.

The court then moved on to sentencing. Banks objected to portions of the presentencing investigation (PSI) report. Specifically, he noted there was a lengthy criminal history included, though very few of the items listed included a disposition. Additionally, he objected to this statement included by the PSI preparer: "Although few of these arrests resulted in convictions or even

prosecutions, I'm reminded of the adage that where there's smoke, there's fire." The court agreed it was an improper comment, noting it had "disregarded that statement and does not consider any nonconvictions in the record." Banks also objected to the court relying upon or considering the PSI preparer's recommendation for incarceration, arguing that the preparer's improper reliance on nonconvictions in making the statement about smoke and fire likely also informed the decision to recommend incarceration. Banks asked to receive suspended sentences. The State asked the court to impose a ten-year term of incarceration for counts I and II and to run those two terms consecutively with all other terms of incarceration to run concurrently.

The court stated:

Well, Mr. Banks, I've looked at your criminal history, and again, the court is not considering any nonconvictions where there's no disposition or it was dismissed, but you still—including these charges, you still have twelve convictions. Admittedly five of these were prior to these convictions.

The issue the Court gives great weight to though, is the fact that you were convicted of possession with intent to deliver heroin with fentanyl in it. As testified by the witnesses, fentanyl is a deadly synthetic drug that causes overdose in more cases than were true prior to heroin being mixed with fentanyl.

The other case is that methamphetamine is also a substance that has caused a great deal of health issues in this community, and the court finds that the evidence would indicate that you were selling these substances in the community and the effect to the community is substantial. Due to those facts as well as your criminal history, the court finds that a period of incarceration is warranted.

The court sentenced Banks to a term of incarceration not to exceed ten years for each of his convictions for possession with intent to deliver and ordered Bank to serve the terms for possession with intent to deliver heroin and possession

with intent to deliver methamphetamine consecutively. All other terms of imprisonment were ordered to be served concurrently.

Banks appeals.

## II. Discussion.

### A. Motion for New Trial.

Banks maintains the district court used the wrong standard in deciding his motion for new trial; he asks that we remand to the district court for the correct standard to be applied. "We generally review rulings on motions for new trial asserting a verdict is contrary to the weight of the evidence for an abuse of discretion." *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016). "However, we review rulings on a motion for a new trial for errors at law when there is a claim that the district court failed to apply the proper standard in ruling on that motion." *State v. Wickes*, 910 N.W.2d 554, 564 (Iowa 2018).

Banks relies on the court's characterization of his motion for new trial as including an allegation that "the weight of the credible evidence was insufficient to support the convictions" as evidence the court used the improper standard. *See State v. Ellis*, 578 N.W.2d 655, 658 (Iowa 1998) ("[A] conviction rests upon insufficient evidence when, even after viewing the evidence in the light most favorable to the prosecution, no rational factfinder could have found the defendant guilty beyond a reasonable doubt. A reversal based on the weight of the evidence, on the other hand, draws the appellate court into questions of credibility. The "weight of the evidence" refers to "a determination [by] the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other." (quoting *Tibbs v. Florida*, 457 U.S. 31, 37–38 (1982))). He argues the court viewed

the evidence in the light most favorable to the State. We find this claim without support. Nothing in the record indicates the court viewed the evidence in that light. *Cf. State v. Scalise*, 660 N.W.2d 58, 66 (Iowa 2003) (concluding the district court "clearly used the sufficiency-of-the-evidence standard rather than the weight-of-the-evidence standard" when the court said it was "commanded by law to view the evidence from the point of the view most favorable to the jury's verdict").

He also argues the court did not base its ruling on credibility determinations of the evidence. We acknowledge the court did not, when ruling from the bench on the motion for new trial, make specific rulings on credibility to support its denial of Banks's motion. *See State v. Nitcher*, 720 N.W.2d 547, 559 (Iowa 2006) ("Unlike the sufficiency-of-the-evidence analysis, the weight-of-the-evidence analysis is much broader in that it involves questions of credibility and refers to a determination that more credible evidence supports one side than the other."). But Banks's trial was to the court, and the court had already filed a written ruling that included its credibility determinations—both implicit and explicit—at the time the court denied Banks's motion. The court's use of the word "insufficient" when characterizing Banks complaint muddies the waters some, but the court based its ruling on credibility determinations—the court went on to state the weight of the credible evidence supported the convictions. Thus the court did not err in applying the wrong standard.

Moreover, because the court filed a written ruling with a statement of facts, we are able to review the court's credibility determinations to consider whether it abused its discretion in denying Banks's motion for new trial. *Cf. State v. Parmenter*, No. 18-1997, 2020 WL 6907457, at *8 (Iowa Ct. App. Dec. 18, 2019)

(remanding to the district court to rule on the defendant's motion for new trial where the district court, when first asked to rule on the motion, failed to exercise its discretion to weigh the credibility of witnesses). The weight of the evidence against Banks was strong, as the court found credible the officers' testimony that Banks admitted the drugs found in the home were his. Testimony from a long-time drug enforcement agent indicated the lack of items for consuming the drugs, combined with the volume and variety of drugs, supported that Banks was selling rather than personally using them. Additionally, earlier the same day, officers set up a controlled buy and witnessed Banks sell heroin to a confidential source. Other than cross-examining the State's witnesses, Banks offered no defense. We cannot say the district court abused its discretion in denying the motion for new trial. *See State v. Shorter*, 893 N.W.2d 65, 71 (Iowa 2017) (cautioning trial courts to sparingly exercise their discretion to grant a new trial on the basis of the weight of the evidence).

**B. Sentencing.**

Banks maintains the district court considered improper factors when deciding his sentence. Specifically, he argues the court improperly relied upon his criminal history and the recommendation of the PSI preparer. We consider each in turn. "We review sentencing decisions for abuse of discretion or defect in the sentencing procedure." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015). "We give sentencing decisions by a trial court a strong presumption in their favor." *Id.*

**Criminal History.** Banks maintains the court considered unproven offenses in deciding his sentence. "A court may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the

court show the accused committed the offense, or (2) the defendant admits it." *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). "If a court in determining a sentence uses any improper consideration, resentencing of the defendant is required." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000).

Banks argues the court's statement he had twelve convictions establishes it relied upon unproven offenses. He acknowledges the court included the seven convictions he was then being sentenced for but argues the court may not consider the current offenses as "prior convictions." The court did not characterize Banks's criminal history as including twelve prior convictions. Rather, it stated, "[I]ncluding these charges, you still have twelve convictions. Admittedly five of these were prior to these convictions." In sentencing a defendant, the court is charged with considering "the defendant's character, his propensity to reoffend, and his chances for reform." *State v. Knight*, 701 N.W.2d 83, 87 (Iowa 2005). It is also to consider the defendant's criminal and social history and the harm caused by the defendant's conduct to any victims and the community at large. *See* Iowa Code § 901.3(1)(b)(e). These factors require the court to consider both the defendant's previous criminal actions that resulted in a disposition and the actions for which the court is then imposing sentence. The court appropriately did so here.

Additionally, he argues he did not have five prior convictions to consider. In making this argument, Banks recites his four convictions as an adult but fails to recognize that his two adjudications as a juvenile—for residential burglary and aggravated battery—can also be considered by the court. *See* Iowa Code § 232.55(2)(a) ("Adjudication and disposition proceedings under this division are not admissible as evidence against a person in a subsequent proceeding in any

other court before or after the person reaches majority *except . . . in a sentencing proceeding after conviction of the person for an offense other than a simple or serious misdemeanor.*" (emphasis added)). While there were multiple pages in the PSI report listing alleged criminal acts that did not include a disposition, there is nothing in the record to suggest that the court considered these offenses. *Cf. State v. McGhee*, No. 18-1879, 2019 WL 5424947, at *2 (Iowa Ct. App. Oct. 23, 2019) ("While disavowing the consideration of unproven offenses or allegations is not enough to unring the proverbial bell, here the court never specifically indicated it was considering an offense that was unproven or to which [the defendant] had not admitted." (citation omitted)). Banks has not made the required "affirmative showing the sentencing court relied in improper evidence" in considering his criminal history. *State v. Washington*, 832 N.W.2d 650, 660 (Iowa 2013).

**PSI recommendation.** Banks contends the court improperly relied upon the PSI preparer's recommendation that he be sentenced to terms of incarceration rather than receive suspended sentences. To begin, we note the court may generally consider the recommendation contained in the PSI report. *See State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019) ("Therefore, the court did not abuse its discretion when it considered the department of correctional services' sentencing recommendation."). Banks's complaint is more specific; he maintains the court should not have considered the recommendation because it seems the PSI preparer wrongly considered Banks's nonconvictions when making it. We understand Banks's concern. But sentences of the district court are cloaked with a strong presumption in their favor. *Id.* at 550. And here, Banks objected to the preparer's improper reference to Banks's nonconvictions and the court agreed it

was improper. The court went on to state a number of things on the record that it was considering when sentencing Banks—none of which was the PSI preparer's recommendation—and then imposed a sentence within the statutory limits. On this record, we cannot say the court relied on an improper factor or abused its discretion in sentencing Banks.

### C. Appellate Attorney Fees.

Banks challenges the district court's ruling assessing appellate attorney fees against him without determining his reasonable ability to pay. This issue was not raised to the district court, but it can be raised for the first time on appeal. *See State v. Gross*, 935 N.W.2d 695, 698 (Iowa) ("[R]estitution is part of a sentence, and when a party appeals a sentence, some issues may be raised for the first time on appeal even though they were not raised in the district court.").

Here, the district court ordered that Banks would be assessed the cost of court appointed appellate attorney fees unless he affirmatively requested a hearing challenging his ability to pay the fees. This provision of the sentencing order is erroneous; the court can only order a defendant to pay court appointed attorney fees after making a finding the defendant has the reasonability to pay. *See* Iowa Code § 910.2(1)(a)(4); *see also State v. Wooten*, No. 18-0023, 2018 WL 6706223, at *4 (Iowa Ct. App. Dec. 19, 2018) (citing *State v. Coleman*, 907 N.W.2d 124, 149–49 (Iowa 2018)). We vacate the portion of the sentencing order requiring Banks to affirmatively request a hearing on his ability to pay; we remand for the entry of a corrected sentencing order. *Wooten*, 2018 WL 6706223, at *4.

**D. Pro Se Issues.**

Banks includes twelve claims in his pro se supplemental brief. We do not reach the merits of any these of arguments as they are generally not preserved, not supported by case law or cites to the record, or not developed enough to be a cognizable legal claim. Banks asks that, as a pro se litigant, we treat his claims with more forbearance. But we are required to treat lawyers and pro se litigants the same. *See Kubik v. Burk*, 540 N.W.2d 60, 63 (Iowa Ct. App. Sept. 22, 1995) ("We do not utilize a deferential standard when persons choose to represent themselves. The law does not judge by two standards, one for lawyers and another for lay persons." (citation omitted)); *see also Polk County v. Davis*, 525 N.W.2d 434, 435 (Iowa 1994) ("Substantial departures from appellate procedures cannot be permitted on the basis that a lay person is handling his own appeal."). If we were to proceed to consider the merits, "this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume." *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974).

**IV. Conclusion.**

The district court did not apply the wrong standard in deciding Banks's motion for new trial, and it did not abuse its discretion in denying the motion. Banks has not established the court relied on improper factors when deciding his sentence, so we find no abuse of discretion there either. However, the court erred in ordering Banks to pay any fees incurred for his appointed public appellate attorney unless he affirmatively requests a hearing on his reasonable ability to pay, so we vacate that portion of the sentencing order and remand for the entry of a

corrected sentencing order.  We are unable to reach the merits of any of Banks's pro se claims.

**CONVICTIONS AFFIRMED, SENTENCES VACATED IN PART, AND REMANDED.**