# IN THE COURT OF APPEALS OF IOWA

No. 19-0281
Filed March 4, 2020

**ADIL D. ADAMS,**
     Plaintiff-Appellant,

**vs.**

**UNIVERSITY OF IOWA HOSPITALS & CLINICS,**
     Defendant-Appellee.
_____

Appeal from the Iowa District Court for Johnson County, Chad A. Kepros, Judge.

A civil rights complainant appeals the district court's order denying his motion to reopen a "judicial review" proceeding. **AFFIRMED.**

Adil D. Adams, Iowa City, self-represented appellant.

Thomas J. Miller, Attorney General, and Kayla Burkhiser Reynolds, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**TABOR, Judge.**

Adil Adams appeals the district court's dismissal of his attempt to challenge a decision by the Iowa Civil Rights Commission (ICRC) to close its investigation of his complaint against the University of Iowa Hospitals and Clinics (UIHC). Finding the district court properly considered the parties' filings, we affirm the dismissal.

## I.     Prior Proceedings

Adams filed a complaint with the ICRC after he was disappointed with the service he received at UIHC. Following its investigation, the ICRC issued a notice of administrative closure in September 2018, allowing Adams the right to sue UIHC within 30 days. In December 2018, Adams filed a "petition for judicial review." In response, UIHC filed a motion to dismiss arguing Adams failed to identify the "final agency action" from which he appealed and that his petition was untimely. Adams did not respond to the motion. In January 2019, the district court dismissed Adams's "judicial review" petition for the reasons cited in UIHC's motion.

Within a few weeks, Adams moved to reopen the case. In his motion, Adams expressed difficulties in setting up an electronic document management system (EDMS) account. Adams also claimed he never received notification of UIHC's motion to dismiss or the order dismissing his petition. Adams asserted UIHC used the wrong email—a Hotmail address—to send him notifications. Instead, Adams provided an alternate email—a Gmail address—which was linked to his EDMS account.

The UIHC resisted Adams's motion to reopen, asserting it sent a copy of the motion to dismiss to the email account listed on Adams's petition and also through EDMS. The UIHC attached copies of the emails sent to Adams notifying

him of the motion to dismiss. After reviewing the parties' filings, the district court denied Adams's motion to reopen. The court explained it was Adams's "responsibility to be aware of the proceedings" and his EDMS and email accounts. The court also returned to the substance of the UIHC's motion to dismiss, clarifying:

> [T]his is an action for judicial review. Judicial review is review by the judiciary of a final agency action. [Adams] has not submitted documentation of a final agency decision. What he has submitted is a right to sue letter. The right to sue letter provided in accordance with Iowa Code section 216.16 allows the Plaintiff to commence a civil rights action in the District Court, not a judicial review action. No other basis for the judicial review action has been provided. Therefore, the Motion to Dismiss would again be granted.

Representing himself, Adams now appeals.

## II. Standard of Review

The UIHC's motion to dismiss tested the legal sufficiency of Adams's petition. *See Reiff v. Evans*, 630 N.W.2d 278, 284 (Iowa 2001). We review the court's ruling on that motion for correction of legal error. *See Smith v. Smith*, 513 N.W.2d 728, 730 (Iowa 1994).

## III. Analysis.

Adams claims the district court should have granted his motion to reopen the judicial review because he did not receive UIHC's motion to dismiss or the order dismissing the case. In his motion to reopen, Adams claimed he did not receive "any hard copy of the motion or letter from the respondent or any hard copy from the court order." Adams also asserted he has two email accounts and "some documents were sent to one account, but not the other, which caused confusion for [him] to review them and respond in a timely manner."

UIHC disputes Adams's premise. It contends Adams had ten days to respond to its motion to dismiss, but he failed to do so. *See* Iowa R. Civ. P. 1.431(4) ("Unless otherwise ordered by the court or provided by rule or statute, each party opposing the motion shall file within ten days after a copy of the motion has been served a written resistance to the motion."). UIHC asserts it properly served its motion to dismiss through EDMS, as well as sending a copy to the email address on his petition.[1] *See* Iowa R. Elec. P. 16.302(1), 16.316. So, according to UIHC, Adams cannot rely on faulty service as justification for not responding to its motion to dismiss within the time permitted in the rule.[2]

Unconvinced by Adams's contentions, the district court found "no valid basis" to reopen the matter. We find no error in the court's ruling. As the court emphasized, Adams bore the responsibility to update his email, monitor his accounts, and notify the court if he could no longer participate as a registered filer in EDMS. *See* Iowa R. Elec. P. 16.304. Adams offers nothing to contradict UIHC's contention that it properly served him through EDMS. The information available in the record confirms UIHC sent its motion to dismiss to both his email accounts.

---

[1] Contrary to Adams's claim, UIHC was not required to serve a paper copy of the motion. *See* Iowa R. Elec. P. 16.302(1), 16.316. By registering as an EDMS user, Adams consented to service by email. *See* Iowa R. Elec. P. 16.315(1)(a).

[2] The UIHC notes that Iowa courts provide a mechanism for self-represented parties to opt out of electronic filing in certain circumstances. But it does not appear Adams sought an exception. *See* Comment to Iowa R. Elec. P. 16.302(2) ("When there are legitimate reasons preventing a person from electronic filing, the court should grant that person an exception.").

As an additional grounds for appeal, Adams contends the district court violated his due process rights by not setting his motion to reopen for a hearing.[3] Adams does not state in his brief where in the record he preserved this constitutional issue for our review. *See* Iowa R. App. P. 6.903(2)(g)(1). The fact that Adams is handling his own appeal does not excuse substantial departures from the rules of appellate procedure. *See Polk Cty v. Davis*, 525 N.W.2d 434, 435 (Iowa 1994). Because we cannot find a district court ruling on his due process issue, we decline to address it.

For the reasons discussed above, we affirm the court's decision not to reopen the case.

**AFFIRMED.**

---

[3] The UIHC addresses this claim under the rules of civil procedure, noting the district court had discretion whether to hold a hearing on Adams's motion to reopen the case. *See* Iowa R. Civ. P. 1.431(9) ("The court may deem a motion under these rules submitted without hearing or may schedule a hearing, either in person or by telephone conference call, on the motion."). We agree the court acted within its discretion in deciding the motion without a hearing.