# IN THE COURT OF APPEALS OF IOWA

No. 19-1822
Filed June 30, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JEREMY JAMES GREENING,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, David M. Porter, Judge.


The defendant challenges the sufficiency of the evidence supporting his conviction for first-degree theft.  **AFFIRMED.**


Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.


Considered by Bower, C.J., Tabor, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**POTTERFIELD, Senior Judge.**

Jeremy Greening was charged with theft in the first degree. At his September 2019 trial, the jury was instructed it could find Greening guilty of the offense if the State proved either one of two alternatives—that Greening took possession of the skid loader with the intent to deprive the owner of it or Greening exercised control over the stolen skid loader while knowing it was stolen. In a general verdict, the jury found Greening guilty.[1] Greening appeals, arguing there was insufficient evidence to support either alternative so his conviction should be reversed.

## I. Background Facts and Proceedings.

Dustin Dalton was hired to do some cement work for a house being built in Bondurant in April 2019. To complete the job, he borrowed a skid loader from James Harney and a trailer from another friend. Dalton used the skid loader on Friday, April 26 but was unable to finish the project that day. The skid loader and trailer were parked at the Bondurant property when he left on April 26, but they were gone when he returned the next day. Neighbors in the area had a security system, and they provided an image from 8:22 a.m. on April 27 that showed a red Chevrolet Tahoe driving away with the trailer and skid loader in tow. Dalton put the image on Facebook and asked for anyone with information about the missing truck and trailer to contact him.

Sherry Clark lives in Des Moines. She testified that between 9:00 and 10:00 a.m. on April 27, her former neighbor, Greening, came to her front door and asked

---

[1] Afterward, Greening admitted to two prior felony convictions, and he was sentenced with the habitual-offender enhancement.

if he could leave a trailer with a skid loader next to her garage while he went to get a different truck. Clark said yes, and she saw Greening driving the red vehicle and parking the trailer.[2] She also saw Greening return about an hour later to get the trailer, although she noted he was still using the same red vehicle.

Raymond Clark, Sherry's adult son, visited his mother on April 27 and saw the trailer and skid loader parked at the home. He also saw Dalton's post on Facebook. Raymond contacted Dalton and reported the items' location and told him Greening was the person who left them there; Raymond never saw Greening—he relied on Sherry's statements when making this report.

Dalton contacted the Polk County Sheriff's Office and reported the thefts. He also gave the detective the information he received from Raymond. Neither the skid loader nor the trailer were ever recovered.

In June 2019, Greening was charged with first-degree theft. The State later amended the trial information to include an habitual offender enhancement.

Following a jury trial in September, Greening was convicted as charged. He appeals.

## II. On Appeal.

In his appeal brief, Greening argues there was insufficient evidence to prove either the "exercised control" alternative or the "taking" alternative beyond a reasonable doubt so his conviction for first-degree theft should be reversed. In its responsive brief, the State maintains we can affirm Greening's conviction if either

---

[2] At trial, Sherry was shown the picture from the security camera; she agreed that was "the truck and trailer that [she] had been testifying about."

alternative is supported by substantial evidence, citing Iowa Code section 814.28 (Supp. 2019). The statute, which took effect July 1, 2019, states:

> When the prosecution relies on multiple or alternative theories to prove the commission of a public offense, a jury may return a general verdict. If the jury returns a general verdict, an appellate court shall not set aside or reverse such a verdict on the basis of a defective or insufficient theory if one or more of the theories presented and described in the complaint, information, indictment, or jury instruction is sufficient to sustain the verdict on at least one count.

Still, the State maintains there is substantial evidence to support both alternatives. Then, in a reply brief, Greening argues for the first time that section 814.28 is unconstitutional because it violates the separation-of-powers doctrine, equal protection guarantees, and his right to due process.[3] The State filed a motion to strike the reply brief, arguing we cannot consider the issues Greening first raised in his reply brief. Our supreme court ordered us to consider the State's motion to strike with the appeal.

"Generally, we will not consider issues raised for the first time in a reply brief." *Villa Magana v. State*, 908 N.W.2d 255, 260 (Iowa 2018). Our supreme court has recognized some limited exceptions to this rule, but those exceptions are not implicated here. *See id.* (listing the court's "noted exceptions" to the general prohibition). Therefore, we grant the State's motion to strike Greening's reply brief.

---

[3] Greening does not contest that section 814.28 applies to his case, with good reason. His trial was conducted months after the law went into effect, and judgment was entered against him in October 2019. *See State v. Lee*, No. 19-1585, 2020 WL 5944453, at *1 n.1 (Iowa Ct. App. Oct. 7, 2020) (using the date judgment and sentence was entered against the defendant to determine whether section 814.28 applied to their case); *see also State v. Damme*, 944 N.W.2d 98, 103 n.1 (Iowa 2020) (considering the applicability of other 2019 amendments to the Iowa Code and concluding "[t]he determinative date is the date of the judgment of sentence that is appealed").

*See Polk County v. Davis*, 525 N.W.2d 434, 435 (Iowa Ct. App. 1994) (granting the appellee's motion to strike the appellant's reply brief, which was "predicated on the fact [the appellant] raised issues in his reply brief which were not raised in his brief on appeal").

**III. Sufficiency of the Evidence.**

We must determine whether substantial evidence supports at least one of the alternatives given to the jury. *See* Iowa Code § 814.28. We review challenges to the sufficiency of the evidence for correction of errors at law. *State v. Albright*, 925 N.W.2d 144, 150 (Iowa 2019). "We review all of the evidence presented at trial and consider it in the light most favorable to the State." *Id.* To preserve error on sufficiency-of-the-evidence claims, the defendant must make a specific motion for judgment of acquittal at trial. *See id.*

Here, the jury was instructed it should find Greening guilty of first-degree theft if the State proved either or both of the following alternatives.

> 1. On or about the 27th day of April, 2019, [Greening] took possession or control of a skid loader.
> 2. [Greening] did so with the intent to deprive the owner of the skid loader.
> 3. The property, at the time of the taking, belonged to James Harney.
> OR
> 1. A skid loader was stolen.
> 2. On or about the 27th day of April, 2019, [Greening] exercised control over the property.
> 3. At the time, [Greening] knew the property had been stolen.
> 4. [Greening] did not intend to promptly return it to the owner or deliver it to an appropriate public officer.

As to the first alternative, Greening argue there is not substantial evidence he is the person who took the skid loader from the job site in Bondurant. As to the

second alternative, Greening maintains there is not substantial evidence he knew the property was stolen.

There is no direct evidence to establish it was Greening driving the red Tahoe towing equipment away from the jobsite, but circumstantial evidence supports a finding it was him. According to the timestamped image from the neighbor's security camera, the equipment was taken from the Bondurant jobsite at about 8:22 a.m. on Saturday, April 27. Sherry Clark testified Greening was at her front door in Des Moines between 9:00 and 10:00 a.m.—so approximately thirty to ninety minutes later—driving the same red vehicle and pulling the trailer with the skid loader on it. Additionally, while he originally asked if he could park it while he went to get another vehicle, Sherry noticed that Greening returned in the same red vehicle a short time later to take the trailer and skid loader. Given the short time frame between the theft and Greening arriving at Sherry's door with the same truck and equipment, we think a jury can infer it was Greening who took the equipment from the jobsite.

For similar reasons, the jury could also infer Greening knew the property was stolen at the time while he was in possession of it—when he left it near Sherry's home. "[A] defendant's unexplained possession of recently stolen property justifies an inference he illegally received it." *State v. Selestian*, 515 N.W.2d 356, 358 (Iowa Ct. App. 1994). Less than two hours is a very short amount of time. *See State v. Brightman*, 110 N.W.2d 315, 316–17 (Iowa 1961) (concluding a five-month interval between the theft and the finding of the stolen item in the defendant's possession did not preclude inference the defendant knew it was stolen); *State v. Clark*, No. 19-1830, 2021 WL 616185, at *1–2 (Iowa Ct. App. Feb.

17, 2021) (applying inference in the case of a stolen vehicle, where defendant was seen with the vehicle four days after the theft and no one saw who initially took the vehicle). The short amount of time that passed between the items being taken combined with Greening's claim he needed to leave the skid loader while he found a new truck—a statement that was not borne out since he returned in the same vehicle a short time later—support the inference Greening was aware the skid loader was stolen.

While we need only find that substantial evidence supports one of the alternatives given to the jury, we conclude the jury could have properly convicted Greening under both alternatives. We affirm Greening's conviction for theft in the first degree.

**AFFIRMED.**