# IN THE COURT OF APPEALS OF IOWA

No. 19-2074
Filed September 1, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SEONAID LAIS-BOSSERT,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Mahaska County, Rose Anne Mefford, District Associate Judge.

The defendant appeals her conviction for child endangerment asserting ineffective assistance of counsel. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Greer, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**BLANE, Senior Judge.**

Seonaid Lais-Bossert, convicted of child endangerment following a jury trial, appeals claiming she received ineffective assistance of counsel for counsel's failure to make an appropriate motion for judgment of acquittal.

We resolve this appeal, in part, on a procedural issue. The State moved to strike Lais-Bossert's final reply brief arguing that it raised three new constitutional issues not contained in her original brief citing *Polk County v. Davis*, 525 N.W.2d 434, 435 (Iowa Ct. App. 1994) (relying on *Young v. Gregg*, 480 N.W.2d 75, 78 (Iowa 1992) ("An issue cannot be asserted for the first time in a reply brief.")). Lais-Bossert resisted. Our supreme court ordered that the motion be determined with the appeal. The appeal was transferred to our court.

The State asserts the appellate court lacks jurisdiction to address a claim of ineffective assistance of counsel on direct appeal, based on Iowa Code section 814.7 (Supp. 2019): "An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief pursuant to chapter 822. . . . [T]he claim *shall not be decided on direct appeal* from the criminal proceedings." (Emphasis added.)

Lais-Bossert argues that her constitutional challenges to that statute in her reply brief respond to the State's appellee brief and should be allowed.[1] She argues the constitutional issues are ripe because, at the time all the briefs were

---

[1] Lais-Bossert identifies her issues as: "S.F. 589 violates the inherent power of Iowa Supreme Court, and State Constitutional Right of Review for Correction of Error," "Senate File 589 violates Lais-Bossert's equal protection rights," and "Senate File 589 denies Lais-Bossert due process and the right to effective counsel on appeal." Senate File 589 is codified in part in section 814.7.

filed, our supreme court had not yet addressed these issues, which were pending in two appeals, *State v. Boldon* and *State v. Treptow.*[2] The pendency of other cases raising the same or similar issues does not alleviate the duty on Lais-Bossert to preserve error on her appeal issues by raising them timely. The court sentenced Lais-Bossert on November 4, 2019, well after the amendment to section 814.7 went into effect. *See State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019) (noting the effective date of Senate File 589, codified as section 814.7, is July 1, 2019, and holding the amendment is not applied retroactively). Lais-Bossert could have raised her constitutional claims in her opening brief, which was filed after *Macke*. There are a few exceptions to when appellate courts will address a claim raised in a reply brief, but those do not apply here. *See Villa Magana v. State*, 908 N.W.2d 255, 260 (Iowa 2018) (collecting cases).

Still, after the briefs here were filed, the supreme court issued its opinion in *Treptow* and found section 814.7 constitutional on all the issues now raised by Lais-Bossert.[3] 960 N.W.2d at 108. Since the constitutional issues raised in Lais-Bossert's reply brief have already been decided adverse to her and we must follow our supreme court precedent prohibiting new issues from being raised in a reply brief,[4] we grant the State's motion to strike Lais-Bossert's reply brief.

Turning to Lais-Bossert's appeal, the issue raised is ineffective assistance of counsel. Iowa Code section 814.7 prohibits us from deciding an ineffective-

---

[2] Later decided and found at 954 N.W.2d 62 (Iowa 2021) and 960 N.W.2d 98 (Iowa 2021), respectively.

[3] *Treptow* was decided on May 28, 2021.

[4] This court is obligated to follow our supreme court's precedent. *See State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent.").

assistance claim on direct appeal.  We lack authority to consider this appeal.  *See State v. Jordan*, 959 N.W.2d 395, 399 (Iowa 2021) (clarifying that amended section 814.7 "does not limit jurisdiction; it limits the authority of Iowa's appellate courts to resolve ineffective-assistance claims on direct appeal").  Finally, to circumvent section 814.7, Lais-Bossert argues the adoption of plain error.  In *Treptow*, our supreme court rejected this legal theory.  960 N.W.2d at 109.  Again, we may not overturn that precedent.  We affirm and Lais-Bossert may raise her issue in a postconviction-relief proceeding.

**AFFIRMED.**